[Civ. No. 2048. Second Appellate District, Division Two.—February 27, 1919.]

ROSE L. REED, Respondent, v. WILLIAM R. REED, Appellant.

[1] DIVORCE—ALIMONY PENDENTE LITE AND SUIT MONEY—ORDER WITHOUT NOTICE—JURISDICTION.—In an action for divorce, where the court has acquired jurisdiction of the person of the husband, it has the power to order, *ex parte*, without any previous notice, the payment to the wife of any reasonable sum for alimony and suit money.

[2] ID.—AMOUNT ALLOWABLE AS SUIT MONEY—DISCRETION OF TRIAL COURT.—Discretion is vested in the trial court as to the amount to be allowed the wife as suit money to enable her to prosecute or defend an action for divorce, and only a plain case of abuse of discretion is subject to correction by an appellate court.

[3] ID.—ORDER ALLOWING SUIT MONEY—APPEAL UNDER ALTERNATIVE METHOD—AMOUNT CLAIMED TO BE UNNECESSARY OR EXCESSIVE—APPELLANT'S BRIEF INSUFFICIENT.—On appeal from an order allowing a wife alimony and suit money in an action for divorce, where the appeal is taken under the alternative method and the record is brought up on a typewritten transcript and the appellant contends that the amount allowed was unnecessary or excessive, it is incumbent upon the appellant to print in his brief so much of the

evidence as will enable the appellate court to say that there was no necessity for any sum whatever or that the sum allowed was so excessive as to amount to an abuse of discretion.

[4] ID.—ALLOWANCE FROM TIME OF COMMENCEMENT OF ACTION—INCLUDING EXPENSES OF PAST SUPPORT.—In a proper case payment of alimony may be made to date from the commencement of the action, thus including the expenses of the wife's past support, and where none of the evidence is brought up, so that the appellate court has no means of knowing whether the evidence did or did not show a necessity for such allowance for past support, every reasonable intendment must be indulged in favor of the correctness of the proceedings and the regularity of the order.

APPEAL from an order of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. R. Dorsey for Appellant.

R. H. Wilson for Respondent.

FINLAYSON, P. J.—This is an appeal from an order requiring defendant to pay plaintiff a certain amount monthly as alimony for her support *pendente lite* and another certain sum as suit money to enable her to prosecute the action.

The action was commenced by plaintiff to obtain a divorce. Her complaint, filed January 9, 1915, contained allegations showing her indigent circumstances and defendant's possession of community property worth several thousand dollars, and prayed for alimony for her support and suit money. On March 22, 1915, defendant answered. On June 16, 1915, plaintiff served and filed a notice that, on June 21, 1915, she would apply to the court to have the cause set for hearing on the issues tendered by her complaint as to alimony *pendente lite* and suit money. Thereafter, by consent of both parties in open court, the motion was continued to June 28, 1915. On the last-mentioned date the matter again was continued, by consent of both parties in open court, this time to July 2, 1915, on which date the matter duly came on for hearing, witnesses were sworn and testified, and, on July 29, 1915—the matter having regularly been continued to that date—the court made an order directing defendant to pay plaintiff $750 as and for suit money, for the purpose of defraying the ex-

penses that she may be put to in producing her evidence, taking the depositions of her witnesses, and other expenses connected with the litigation; and likewise directed defendant to pay plaintiff $50 per month for her maintenance, commencing January 9, 1915—the date when the action was brought.

Defendant contends: (1) That the court was without jurisdiction to make the order, for the reason that there was no proper application for alimony or suit money; (2) That there was no evidence showing a necessity for the allowance of $750 as suit money; and (3) That the court had no power to allow plaintiff alimony for her support during the period intermediate to the commencement of the action and the date of her application for an allowance. On the record, as it comes to us, none of these objections is tenable.

1. We think the notice served and filed June 21, 1915, and the subsequent stipulations relative to continuances, together with the issues tendered by the complaint relative to alimony and suit money, were sufficient to empower the court to make the order for suit money and support *pendente lite,* even if jurisdiction were dependent upon any formal notice. [1] However, contrary to appellant's assumption, no notice was necessary. The defendant had appeared in the action, so that the court had acquired jurisdiction, not only of the subject matter of the action, but of the person of the defendant. Having acquired such jurisdiction, the court had the power to order, *ex parte,* without any previous notice, the payment of any reasonable sum for alimony and suit money. (*Mudd* v. *Mudd,* 98 Cal. 320, [33 Pac. 114]; *Ex parte Joutsen,* 154 Cal. 541, [98 Pac. 391]; *Glass* v. *Glass,* 4 Cal. App. 604, [88 Pac. 734].) "Such order may be made *ex parte,* and is usually so made." (*Glass* v. *Glass, supra.*) Appellant cites *Baker* v. *Baker,* 136 Cal. 302, [68 Pac. 971]. That case can have no application here, for there the court undertook to make an allowance to the wife before it had acquired jurisdiction of the person of the husband, either by service of process or by his voluntary appearance. That it could not do. The obligation of a husband to support his wife is personal, and therefore an order for alimony—in effect a final judgment for money (*Sharon* v. *Sharon,* 67 Cal. 185, [7 Pac. 456, 635, 8 Pac. 709])—is a judgment *in personam,* and void unless the husband has voluntarily appeared in the action or has been duly served with process. (14 Cyc. 745.)

[2] 2. It must be conceded, and indeed it is not questioned, that a discretion is vested in the trial court as to the amount to be allowed the wife as suit money to enable her to "prosecute or defend the action" (Civ. Code, sec. 137), and that only a plain abuse of discretion is subject to correction by an appellate court. [3] Where, as here, it is contended that no evidence was adduced at the hearing showing a necessity for the allowance of a particular sum as suit money, it is incumbent upon the appellant to bring up so much of the record as will suffice to show either that no amount whatever should be allowed or that the sum allowed is so excessive as clearly to indicate an abuse of discretion. Here the appeal is taken under the alternative method. Much evidence was adduced in the lower court. The hearing extended over three or four days. The reporter's transcript covers some two hundred typewritten pages. None of the evidence is printed in the briefs, or in any supplement appended thereto, as required by section 953c of the Code of Civil Procedure, save a very small part designed to show that, under the doctrine of such cases as *Sharon* v. *Sharon*, 75 Cal. 1, [16 Pac. 345], and *White* v. *White*, 86 Cal. 212, [24 Pac. 1030], the $750 cannot be deemed to include counsel fees, for the reason that respondent's counsel had agreed to prosecute her action for a contingent fee. But even if the $750 did not include any allowance for counsel fees—and we shall assume it did not—nevertheless it is incumbent upon appellant to print in his briefs so much of the evidence as will enable us to say that there was no necessity for any suit money whatever, or that the sum allowed was so excessive as to amount to an abuse of discretion. This appellant has failed to do. The permission given to an appellant to file a typewritten transcript in lieu of a printed bill of exceptions casts no burden upon the appellate courts to examine the typewritten documents. (*California Sav. Bank* v. *Canne*, 34 Cal. App. 768, [169 Pac. 395].)

Though no burden rests upon us to do so, we have looked into the typewritten transcript and there learn that the pleadings tendered issues respecting property rights of considerable value; that it will doubtless be necessary to take the deposition of a witness in Texas, one Paggi, whose deposition was used at the hearing on the motion for alimony; and that this witness has some knowledge respecting appellant's stockholdings and his general financial condition. The trial court was

justified in indulging the inference that, before a trial on the merits, the deposition of this witness should be taken again, and his knowledge of important facts thoroughly probed. If such deposition be taken in Texas upon oral questions and answers—and it is possible that that course will best subserve the ends of justice—the employment of counsel in Texas, or the traveling expenses of respondent's present counsel, necessarily will use up quite a considerable part of the total allowance of $750. This, though but one illustration of a possible item of expense that may have been in the mind of the lower court, will serve to show the impossibility of an intelligent consideration of appellant's point in the absence of a printed transcript of so much of the evidence as will at least negative the presumption of regularity in the order complained of.

3. In support of his contention that the court erred in allowing alimony from the date of the commencement of the action, instead of from the date of respondent's application therefor, appellant relies upon the rule announced in *Loveren* v. *Loveren,* 100 Cal. 493, [35 Pac. 87], where it is held that an allowance to the wife of suit money to enable her to prosecute or defend the action can only be made as to expenses necessary to be included in the future prosecution or defense of the action, and cannot be made for the payment of past expenses, "except where such payment is necessary to be made in order to enable the wife to further prosecute or defend her action."

[4] Assuming, for the purpose of this decision only, that the rule as to alimony for maintenance and support is the same as that respecting suit money for expenses, nevertheless there are cases where it is proper to make an allowance of alimony for maintenance and support from the date of the commencement of the action to the time of the application therefor. For example, if application for alimony is not made until some months after the commencement of the action, and if, in the meantime, the wife has managed to exist only by borrowing money wherewith to pay for the necessities of life, or if, during this period, because of her indigent circumstances, she has gone without many things suitable to her condition in life, it is manifest that, to place her in such a situation that in the future she may be enabled to live upon the allowance provided to be paid for her future support—if that amount is no more than sufficient for that purpose—provision ought likewise to be made for her past expenses incurred subsequent to the com-

mencement of the action, otherwise she would be compelled to pay out of the allowance for her future support the money she had previously borrowed, or purchase with the money allowed her for her future support the things she should have had in the past, but which, because of her poverty, she was unable to purchase at the time. (*Gay* v. *Gay,* 146 Cal. 237, [79 Pac. 885].) In the Gay case it is said: "If, then, it be conceded that . . . the rule laid down in *Loveren* v. *Loveren,* with reference to reimbursement for costs and expenses of the wife in an action for divorce, should apply to an application by the wife for support and maintenance, still . . . the rule that payments for past expenses shall not be allowed is not absolute, but is subject to the qualification that such an order may be made whenever it appears that such payment is necessary to enable the wife to further prosecute or defend her case. And the same qualification as to the rule should apply to applications by the wife for support. If it should appear to the court that it was necessary, in order to insure the support of the wife upon the amount to be paid to her periodically in the future, that existing wants or expenses incurred by her should be provided for, the court, within the qualifications announced above, would have the right to do so." (146 Cal. 242, 243, [79 Pac. 888].)

Whether the evidence adduced before the trial court did or did not present a case showing a necessity for an' allowance for past support in order to insure respondent's future maintenance out of the sums to be paid to her in the future, we have no means of knowing, for none of the evidence has been printed in the briefs, saving that which relates exclusively to the agreement of respondent's counsel to prosecute her action for a contingent fee, and every reasonable intendment and presumption must be indulged in favor of the correctness of the proceedings below and the regularity of the order.

Order affirmed.

Sloane, J., and Thomas, J., concurred.