[Civ. No. 8190. First Appellate District, Division One.—April 7, 1932.]

ELINOR WESTPHAL, Respondent, v. ADOLPH R. WESTPHAL, Appellant.

W. H. Metson, Keyes & Erskine and Erwin L. Chloupek for Appellant.

Walter H. Linforth for Respondent.

PARKER, J., *pro tem.*—This is an appeal by defendant from an order, made in an action for divorce, allowing plaintiff wife alimony *pendente lite* for the support of herself and the minor child of the marriage of plaintiff and defendant. The order made was not *ex parte,* but after a full and complete hearing, after due notice given.

The main point of this appeal is the construction to be placed upon section 137 of the Civil Code. Preliminarily, we will sketch the more prominent phases of the record before us, though there seems to be no dispute as to the showing made. Plaintiff seeks a divorce on the ground of extreme cruelty. The complaint alleges sufficient facts, which, if found true, would fully warrant a divorce on the ground urged. At the hearing it was shown, and practically admitted here, that defendant is of substantial wealth; that his worth is in excess of $800,000, and that from his separate property he derives an income in excess of $2,000 per month. In addition to this, defendant receives as salary each month the sum of $860.

The plaintiff at the time of the hearing admitted the ownership, as her separate property, of certain oil stocks concededly marketable at a then value of $15,000, and producing income of $40 per month. The court below, after the hearing, ordered that defendant pay to plaintiff the sum of $400 per month for the support and maintenance of plaintiff and the minor child, which payment was to continue each month until further order of the court. No

question is presented as to the reasonableness of the amount or defendant's ability to pay the same.

The sole contention, primarily, is that the court had no power to make any order requiring defendant to pay any sum as alimony. This contention rests upon the admitted fact of plaintiff's individual ability to maintain and support herself out of the property owned by her. Section 137 of the Civil Code reads in part as follows: "When an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself and her children." Appellant stresses the word "necessary" and founds his argument upon the strictest interpretation of that word. Citing the current edition of Webster, the word "necessary" is defined as "impossible to be otherwise, or to be dispensed with, without preventing the attainment of a desired result; indispensable; requisite; essential". Therefore, argues respondent, unless it is indispensable or essential that a husband support his wife pending an action for divorce, she must support herself. ■ As a preface to this argument, appellant urges the familiar canon of statutory construction that words in common use are to be construed in their natural, plain and ordinary signification. However, there is another rule which parallels this, namely, that words which have acquired a peculiar and appropriate meaning in law are to be construed according to such peculiar and appropriate meaning. (Civ. Code, sec. 13.)

■ In the law, the word "necessary" has not a fixed meaning, but is flexible and relative. It may mean something which in order to accomplish a given object cannot be dispensed with, or it may mean something reasonably useful and proper. (*Marshall County* v. *Rokke,* 134 Minn. 346 [Ann. Cas. 1918D, 932, 159 N. W. 791].) The word "necessary" must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity or inevitability or it may import that which is only convenient, useful, appropriate, suitable, proper or conducive to the end sought. (*Rexroth* v. *Holloway,* 45 Ind. App. 36 [90 N. E. 87].) In Bouvier's Law Dictionary, we find the word defined as meaning reasonably convenient, and the authorities therein cited emphasize the flexibility of the word. ■ In sec-

tion 137 of the Civil Code, it is obvious that the word was used in its broader sense inasmuch as the action of the court rests in discretion. Obviously, under the strictest interpretation of the word ''necessary'', there would be a negative of any discretion. The language of the section compels a broad interpretation. It provides that the court in its discretion may require the payment of *any* money necessary to *enable* the wife to support herself. In other words, the court is to determine what it deems necessary under all of the conditions shown to exist. It may supplement the wife's·separate income to bring the total to the amount deemed requisite; the object being the support of the wife whether wholly by the husband or partially.

The section, properly construed, is intended to vest in the trial court a discretion, moved and directed by a regard for the maintenance of the *statu quo* pending the determination of the controversy, and also guided by the state's interest in the fullest inquiry being had on the true merits of the issues presented. The propriety, or lack thereof, in the trial court's action centers around the question of the proper exercise of this discretion. Manifestly, the discretion is not vested in a reviewing court. Comparable to other orders or judgments of a trial court, when reviewed, every presumption is in favor of the validity of an order such as now before us. Not only the statutes, but the decisions of the courts, reflect the spirit of the time in which the same are promulgated. In an economic and social change the views of lawmakers and courts keep apace. Sound discretion in one stage would reveal itself in certain acts, while at another stage, the same acts would indicate a complete lack of reason and become unjustifiable.

Without delving into the economic, social, moral or other problems involved in any discussion of the subject of marriage and divorce, we are of the opinion in considering the decisions and authorities cited, greater stress must be given those most recent as being more completely indicative of the present attitude of the courts, and more responsive to the need and the design of the statute.

In *Kowalsky* v. *Kowalsky*, 145 Cal. 394 [78 Pac. 877], the court says: ''It was within the discretion of the court to award the plaintiff temporary alimony and counsel fees, notwithstanding the fact that it appeared that the wife was

the owner of some corporation stocks of the value of seven hundred dollars or thereabout. The plaintiff alleged in her affidavit that the defendant owned property worth one hundred thousand dollars and was in the receipt of an income of six hundred and fifty dollars per month. . . . The court might well conclude that, with such abilities on the part of the husband, it would not be fair to the wife to compel her to sell all that she had in order to raise. money wherewith to live and prosecute her action.''

In *Farrar* v. *Farrar,* 45 Cal. App. 584, 586 [188 Pac. 289, 290], it is said: ''Nor is it any defense to the order appealed from that the wife has property in her own right. . . . Where the wife is the owner of nonincome-producing property, the law does not require her to have recourse to her own resources first, or to impair the capital of her separate estate.''

In *Whiting* v. *Whiting,* 62 Cal. App. 157 [216 Pac. 92, 93], it appeared that the wife was the owner of real property of a net value of $4,300 and was in receipt of wages of $16.50 per week. The husband was the owner of property of the value of $200,000. The trial court ordered that the husband pay to the wife as alimony the sum of $150 per month, and also costs and counsel fees in the aggregate of $1200. The point was raised that the trial court erred in making the allowance, upon the ground that plaintiff wife had ample means of her own for her support and the costs. The court answered this contention as follows: ''Was it, under such a state of facts, within the power of the court to make the order complained of? The denial of the wife's application would have resulted in one of two situations. The defendant's appeal would have gone uncontested, or the wife would have been compelled to exhaust the small amount of property owned by her in defending herself against the proceeding instituted by defendant. It would have been unfair in the extreme to pit the wife in her penury against the husband in his affluence, in a proceeding commenced by him.''

In *Busch* v. *Busch,* 99 Cal. App. 198 [278 Pac. 456], the rule is again announced that where the wife is the owner of nonincome-producing property, the law does not require her to have recourse to her own resources first, or to impair the capital of her separate estate.

In *Meyer* v. *Meyer*, 5 Cal. Unrep. 944 [52 Pac. 485], it was shown that the wife had an income of $135 per month and the husband's net income was $275 per month. It was held that an order directing the husband to pay $50 per month for the support of the wife and one child was not excessive. Not only did the court hold $50 not excessive, but reduced a larger sum down to that amount as being a reasonable allowance.

In *Harding* v. *Harding*, 144 Ill. 588 [21 L. R. A. 310, 32 N. E. 206, 208], an exhaustive review of the authorities is made and the court concludes: "If the income of the wife be sufficient to suitably support her, there will ordinarily exist no reason for making an allowance for that purpose. But if the income of the wife be insufficient, and that of the husband be ample, equitable considerations and the weight of authority require, as we think, that such a sum should be allowed from the husband's income as will, when added to her own, enable the wife to live comfortably pending the litigation in the station in life to which he has accustomed her." Quoting further from the same case: "It would seem equitable and just that the wife, who is prosecuting her suit in good faith, should be placed upon an equality with the husband, and if her income be insufficient to maintain her, and to carry on the litigation, his income should be required to contribute before she should be required to exhaust her estate." Interesting and instructive notes on the subject are to be found in volume 15, American Law Reports, 781, and volume 35, American Law Reports, 1099.

Conceding that different jurisdictions have announced different rules, nevertheless, they are all in seeming accord that support and suit money are to be denied the wife only when she possesses property or means sufficient to support her in her accustomed mode of living, and to defend the action. And as a corollary thereto, it is almost universally held that the test of sufficiency varies with the circumstances of each case, and the relative financial condition of the parties. Section 142 of the Civil Code provides: "When the wife has . . . a separate estate, . . . the court, in its discretion, may withhold any allowance to her out of the separate property of the husband." Obviously, a discretion to withhold implies a power to grant. Without further citation it may be stated that text writers, commentators and

courts seem in almost complete accord with the views herein-
before noted, to the end that in the first instance a whole-
some discretion is conferred upon the trial court subject to
review only as to the question of a reasonable exercise of such
discretion.

We may come now to the facts in the instant case.
Plaintiff and defendant were husband and wife. The
period of time elapsing between the marriage and the date of
separation was five years, six months and one day. A
minor daughter of the age of three years was the only issue
of the marriage and is still living. The wealth of defendant,
as hereinbefore stated, was approximately $900,000, with
an income therefrom of $2,500 per month. In addition
thereto, defendant received a salary of $860 per month, the
salary being concededly community property. The family
had been maintained in a fashion necessitating the expendi-
ture of about $1,000 per month. There was evidence before
the trial court that it would require $750 per month to
maintain the plaintiff and child in the same style. At the
hearing in the court below, the defendant, in response to
a question by the court as to what defendant thought would
be a reasonable allowance to pay to the wife, replied: ''That
is rather difficult—$250 or $300 a month. I would rather
leave that to your discretion.'' It is admitted that the wife
owns oil stocks, the result of money given her by her father
as a wedding present and of a value at the time of hearing
of approximately $15,000, with an annual income to be de-
rived therefrom not to exceed $500. The trial court's award
of $400 per month is not an abuse of discretion, but is in all
respects reasonable and just.

However, there is one more question presented which
goes, not to the propriety of the court making any award
nor to the amount thereof. Appellant argues that the trial
court, upon the record before it, was limited to an award for
future support and maintenance of the wife. The complaint
was filed on June 25, 1929. The court thereupon issued its
order to defendant to appear and show cause, if any he had,
why an order should not be made requiring him to pay
alimony and costs. This order was returnable July 5, 1929.
The hearing upon the order did not take place until September
3, 1929. On said last-named date, the court made its order
as hereinbefore noted, the particular portion of said order

now being considered, reading as follows: "That the defendant forthwith pay to the plaintiff the sum of One Thousand Dollars ($1000.00), being at the rate of $400.00 per month, for the support and maintenance of plaintiff and the minor child of the parties hereto from the 25th day of June, 1929, to the 12th day of September, 1929." Appellant urges that this was an award of what might be termed "back alimony" and comes within the rule announced in: *Busch* v. *Busch*, *supra; Tremper* v. *Tremper*, 39 Cal. App. 62 [177 Pac. 868]; *Reed* v. *Reed*, 40 Cal. App. 102 [80 Pac. 43]. We think the claim of appellant should be upheld in this particular. There is no showing of any kind in the record, from which we may even infer necessity for back allowance. The rule announced in the cited cases is liberal to an extreme, but it does require some positive showing either of necessity or of fact from which a necessity might be inferred. The only testimony before the court was that prior to the date of the order the wife and her child had been living with the former's parents, but that it was her desire to establish a residence for herself and child apart from the home of her parents. For aught the record discloses, the home of the wife's parents was equal in station and comfort to the home of the parties to the action before separation, and whether it was or not, it afforded the wife shelter and sustenance of which she makes no complaint. The trial court on the showing made had no discretion to order payments to be made by defendant as and for past expenses for which no indebtedness or obligation had been incurred by the wife. The wife made no showing of depletion of her separate estate or use of her own income; in fact, no showing at all. The fact that the order to show cause had been issued on June 25, 1929, is of no consequence. The application for temporary support in itself determines no right and if it were true that from the date of the filing of the complaint the necessities of the wife required alimony payments, that fact should have been shown.

That portion of the order requiring appellant to pay $1,000 as and for support and maintenance of respondent and the minor child from June 25, 1929, to September 12, 1929, is reversed. In all other respects the order is affirmed. Neither party shall recover costs upon the appeal.

Cashin, J., and Knight, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 6, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 4, 1932.