[Civ. No. 11897. First Dist., Div. One. Apr. 20, 1942.]

ESTHER DORAS HOWTON, Respondent, v. NORMAN E HOWTON, Appellant.

Daily & Gallaudet for Appellant.

P. V. Davis for Respondent.

PETERS, P. J.—Defendant appeals from an order made in a divorce action whereby the defendant husband was ordered, pendente lite, to pay to the plaintiff wife $75 per month towards her support and the support of the three minor children of the parties, $100 for attorney's fees, and $15 costs.

Plaintiff filed her complaint for a divorce on November 13, 1940, charging extreme cruelty. On the same day, upon her affidavit, an order to show cause was issued to the husband directing him to appear on December 4, 1940. The defendant filed his opposing affidavit on that date. At the hearing defendant was required to, and did, pay plaintiff $50, which was used to pay taxes on the home of the parties owned by them in joint tenancy. The further hearing on the order to show cause was continued to December 20, 1940, on which date, after taking evidence, the trial court made the order appealed from.

Appellant urges that the trial court abused its discretion in awarding $75 a month to the wife for her support and the support of the three children. The contention is without merit. The evidence produced at the hearing of December 20, 1940, and the affidavits filed by the parties, show that the wife and the three minor children who, in September, 1940, were 20, 19 and 18 years of age respectively live together and that the husband has left the family home. The wife works and earns, on an average, $70 per month; the 19 year old boy, who wants to save his earnings and go to college, earns about $100 per month; the daughter, who is 18, and who has just graduated from high school, earns $8 to

$9 per week, and desires to continue her education; the oldest boy is attending Cal-Tech. where he has received a scholarship that pays him $150 per year, and where his tuition of $150 per year is borrowed from the school. The appellant, who is a sergeant in the police department, earns a little over $200 per month. The wife, in her affidavit, stated that she needs $153 a month to run the house, and, at the hearing, testified that she needed $80 to $85 in addition to her salary of $70 to run the house properly. Included within this estimate was a monthly payment on the loan on the house of $25.50 per month, and taxes and insurance of $7.50 per month. Prior to the separation it cost about $195 a month to run the house.

It is the theory of appellant that, since respondent testified that she needed but $153 to run the house. and, since her testimony showed that she and the children have a total monthly income of over $200, she has failed to show that any allowance is "necessary" within the meaning of section 137 of the Civil Code. That section provides: "When an action for divorce is pending, the court may, in its discretion, require the husband . . . to pay as alimony any money necessary to enable the wife . . . to support herself and her children . . . or to prosecute or defend the action. . . ." Section 138 of the Civil Code empowers the trial court, during the pendency of an action, to "make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper. . . ."

The term "necessary" in section 137 must be given its broadest connotation. What is "necessary" rests in the sound discretion of the trial court. (*Westphal* v. *Westphal*, 122 Cal. App. 379 [10 P. (2d) 119]; see cases collected 1 Cal. Jur. p. 964, § 19.) In *Turner* v. *Turner*, 80 Cal. 141, 144 [22 Pac. 72], it is stated that the discretion vested in the trial court is "to be exercised in view of the circumstances of the parties, their several necessities, and the pecuniary ability of the husband." (See, also, *Tremper* v. *Tremper*, 39 Cal. App. 62 [177 Pac. 868].) Tested by these standards, it is obvious that no abuse of discretion has been shown.

The wife does not have an income of $216.50 per month, as urged by the appellant. That sum is arrived at by adding to the wife's income of $70 per month, the total income of the three children, including the $12.50 per month received

by the oldest boy as a scholarship. That $12.50 cannot be considered as income of the respondent for she asked nothing for this boy's tuition expenses. The money earned by the other boy ($100 per month) and the money earned by the girl ($8 to $9 per week), under a fair reading of the record, is not being received by respondent, but such earnings are being saved for the children's education.

Under section 138 of the Civil Code, *supra,* the trial court had power to make any reasonable order concerning the education of the children "as may seem necessary or proper." The record shows that the trial judge and the wife believed that the further education of the three children was of great importance. The trial judge obviously believed, and properly so, that the earnings of the children should be saved for their education. Thus, the facts are that the wife earns $70 and has been awarded $75, from which she must pay out $33 for the taxes and payments on the house. The husband's income is over $200 a month, while his necessary expenses, as set forth in his affidavit, including $25 per month on past due bills and a car payment of $24.73 are but $99.73.

Appellant urges, however, that under section 169 of the Civil Code the mother is entitled to the earnings of the children, and that therefore such earnings, as a matter of law, must be considered as part of the income of the respondent. Moreover, it is urged, no order awarding the custody of the children to the mother was made. The obvious answer to this last contention is that no such order was necessary. If it be assumed that without a formal order of custody, under section 197 of the Civil Code both parents are equally entitled to the children's earnings, then under section 211 of that code the evidence shows that both parents have relinquished such earnings to the children. Section 211 provides in part that: "Abandonment by the parent is presumptive evidence of such relinquishment." So far as appellant is concerned, the evidence shows a clear abandonment of such earnings under this section. He left the family home in September of 1940, and between that date and December 20, 1940, was so insensible of his obligations as a husband and father that he contributed but $32 to their support, and $50 for taxes— the last, under court order. So far as the respondent is concerned, her testimony clearly supports the implied finding that she has relinquished such earnings to her children so

they can secure a proper education. This she had the legal right to do.

As to the allowance of attorney's fees and court costs it is urged by appellant first, that there was no evidence of the wife's lack of funds and inability to pay such charges, and, secondly, that in her affidavit she stated she had made arrangements with her attorney to pay such charges. It is urged that such an arrangement is a bar to such allowance. The record shows that respondent was entirely without funds. Not only did she inferentially so state in her affidavit, but she testified she had earned nothing during the summer; that in November she had but two weeks' pay, and that she had been forced to borrow $130 in order to live. While it is true that in her affidavit she stated she had personally arranged to pay her attorney's fees, there was no evidence of the terms of such agreement, and she further stated that attorney's fees of $150 are reasonably necessary; that she has paid nothing on account and that her husband is able to pay such sum. When those statements are considered with the evidence of her lack of funds it is obvious that the trial court was justified in inferring that the ''arrangement,'' if any, between her and her attorney was that he would accept the court's award, and that she was not financially able to defray such expenses. The granting of suit money to the wife rests in the sound discretion of the trial court. (1 Cal. Jur., p. 992, § 46.) No abuse of discretion here appears.

The order appealed from is affirmed.

Ward, J., and Murphy (E. P.), J. pro tem., concurred.