[Civ. No. 13688. Second Dist., Div. Three. Feb. 26, 1943.]

ROSE MILLER, Respondent, v. JULIUS MILLER, Appellant.

Harry A. Finkenstein for Appellant.

Derthick, Cusack & Ganahl, Edward Flam, Charles J. Katz and Alfred Gitelson for Respondent.

WOOD (Parker), J.—Defendant appeals from an order pendente lite for the payment of alimony and support of minor child in an action for divorce.

An order to show cause in re alimony pendente lite, support and custody of minor child was issued on May 16, 1941, and served upon defendant. The hearing thereon was held on May 26, 1941, and defendant appeared in court with his attorney. The court made an order awarding plaintiff ''$300.00 per month alimony *pendente lite,* $300.00 costs of audit and depositions without prejudice to renewal of motion; also $500.00 attorney's fees.'' On November 4, 1941, after defendant had appeared generally in the action by filing an answer to the complaint, plaintiff served a notice of renewal of motion for an additional allowance for support of herself and child on defendant's attorney of record by mailing a copy of said notice and a copy of plaintiff's affidavit in support thereof to defendant's attorney, who had been his attorney of record from the time defendant first appeared in the action. The notice was signed by the attorneys for plaintiff. It was conceded that the notice was received by defendant's attorney. A copy of said notice was not delivered to the defendant in person. The motion came on for hearing on November 25, 1941, at which time defendant was not present in court but his attorney of record was present. Defendant's attorney filed a written notice of motion for postponement of plaintiff's motion until the trial which was set for January 12, 1942. In support of said motion for a continuance, the attorney for defendant also filed an affidavit of a physician which stated in substance that defendant was ill and any court appearance by defendant within 90 days would seriously jeopardize defendant's recovery. Defendant's attorney then made an oral motion for a continuance of the hearing for 90 days upon the ground that defendant was ill, as stated in the affidavit. The attorney also objected to the jurisdiction of the court upon the ground that the notice was served upon the attorney for defendant and was not served upon the defendant in person; also that there was no showing that defendant could not be served in California and no court order had been

made authorizing service upon the attorney for defendant. He further objected on the ground that "the matter is res judicata" in that there was no showing defendant's assets had increased since the original hearing. Plaintiff was not present in court.

The documents presented for the consideration of the court at the hearing for increase of allowance were: the notice of motion for an increase, and plaintiff's affidavit in support thereof; defendant's notice of motion for postponement; and the physician's affidavit concerning defendant's illness. In addition to the documentary evidence, the hearing included oral arguments by the attorneys for the parties as to jurisdiction and whether the circumstances of the parties had changed since the original hearing. The attorney for defendant asserted that a consideration of the wife's questionnaire which was filed at the original hearing and her affidavit filed at the second hearing would not show a sufficient change in circumstances to warrant an increased allowance. The attorney for plaintiff contended to the contrary.

The record shows that plaintiff and defendant had been married over 33 years at the time she filed her action for divorce; they had three children, one a minor; neither had any separate property. The original order to show cause came on for hearing on May 26, 1941, and plaintiff was not present due to illness. Plaintiff's questionnaire which was filed in connection with the order to show cause recited, among other things, that $524 was necessary for her monthly expenses; that defendant's then financial worth was approximately $400,000; and that his estimated net income for the previous year was $34,800. Defendant did not file a questionnaire and, although present at the hearing, he did not testify. Plaintiff's affidavit, filed with her renewal of motion, stated that her monthly expenses were approximately $393, and that at the time of the original order defendant's income was not made known to the court; that since that time plaintiff's illness had continued and that additional funds were necessary to meet expenses, to provide medical services by a specialist, to obtain the services of a nurse, and to discharge unsatisfied judgments against her in the amount of $2331.50, which judgments were based upon obligations incurred, in order to maintain her household, by plaintiff prior to the original hearing; that an inventory and appraisement of the stock in trade of defendant's business, and defendant's

deposition, showed community assets in excess of $300,000, consisting of said stock in trade, real property, stock, bonds and over $30,000 cash in the bank.

The court made the following minute order: "Renewal of motion for support of plaintiff and child comes on for hearing, Derthick, Cusack and Ganahl appearing as attorney[s] for the plaintiff, and Harry A. Finkenstein, for the defendant. Order for support of plaintiff and minor child is increased to $450.00 per month."

Appellant contends: (1) that the court did not acquire jurisdiction over him by service of the notice of renewal of the motion for increased allowance on his attorney of record; (2) that the "matter of alimony and support" under the first order was res judicata; (3) that the court abused its discretion in granting the increase in view of a showing that the community assets were less than when the first order was made; (4) that the court erred in failing to grant defendant's motion for a continuance upon his showing that illness prevented him from appearing at the hearing.

■ (1) In presenting his first point on appeal, relative to lack of jurisdiction, appellant asserts that the proceeding herein was an original one for the purpose of securing a money judgment, and therefore the service of process upon his attorney, in the absence of an order of court authorizing such service, did not confer jurisdiction over defendant when he was within the state, his whereabouts known, and he could have been served in person. Prior to the service of the notice upon the attorney, defendant had appeared in the action by filing an answer. The minute order made by the court at the first hearing provided that the order then made was without prejudice to a renewal of the motion.

Section 1010 of the Code of Civil Procedure which relates to the form and service of notices and papers in actions provides in part: "Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter [Chapter V, Pt.2, Tit.14], when not otherwise provided by this code." Section 1011 of said code, which section is a part of said chapter, provides in part: "The service may be personal, by delivery to the party or attorney on whom the service is required to be made. . . ." Section 1012 of said code, which section is also a part of said chapter, provides in part: "Service by mail may be made where the person on

whom it is to be made . . . has his office at a place where there is a delivery service by mail. . . ."

It does not appear that the manner of serving the kind of notice here involved is provided in said code otherwise than is provided in said chapter. The proceeding herein was the renewal of the motion under the express provision of the previous minute order that a renewal of the motion might be made. There was no denial that the attorney served was defendant's attorney of record and, pursuant to the requirements of section 1012 of the Code of Civil Procedure, a copy of plaintiff's affidavit and a copy of the notice of motion for renewal were mailed to defendant's attorney of record at his office address where there was delivery service by United States mail. It therefore appears that the plaintiff complied with the provisions of said code sections. The service of the notice of motion upon the attorney of record for defendant was sufficient. In *Reed* v. *Reed,* (1919) 40 Cal.App. 102 [180 P. 43], the defendant appealed from an order requiring him to pay plaintiff alimony pendente lite. Defendant had been served with notice of motion to have the cause set for hearing but the hearing was continued twice, with the consent of both parties, and on the third date set for hearing, the court made its order for alimony pendente lite. Defendant contended the court was without jurisdiction, since no notice had been served upon him of the date for the hearing. The court said (p. 104), "We think the notice served and filed . . . and the subsequent stipulations relative to continuances, together with the issues tendered by the complaint relative to alimony . . . were sufficient to empower the court to make the order for . . . support *pendente lite,* even if jurisdiction were dependent upon any formal notice. However, contrary to appellant's assumption, no notice was necessary. The defendant had appeared in the action, so that the court had acquired jurisdiction, not only of the subject matter of the action, but of the person of the defendant. Having acquired such jurisdiction, the court had the power to order, *ex parte,* without any previous notice, the payment of any reasonable sum for alimony and suit money. [Citing cases.]"

In the present case, irrespective of the sufficiency of such service of the notice of motion for an increased allowance, the relief sought by defendant at the hearing on said motion constituted a general appearance. Defendant's counsel appeared at the hearing of the motion, made an application

to the court for a continuance, urged that the matters involved in the previous hearing had been adjudicated, and that on the merits no change of circumstances was shown. In the case of *MacPherson* v. *Superior Court,* (1937) 22 Cal.App.2d 425 [71 p.2d 91], it was said (p. 430), "It is the well-settled rule that if a party defendant raises any question *other than that of jurisdiction* or asks for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons. [Citing cases.] If a party defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all other purposes except to make that objection. *(Taylor* v. *Superior Court,* 93 Cal.App. 445 [269 P. 727].) [Italics added.]"

■ (2) Appellant's next contention is that under the first order "the matter of alimony and support" was res judicata in that there was no change of condition between the first hearing and the second hearing sufficient to justify the court in changing its order. Appellant cites *Snyder* v. *Snyder,* (1933) 219 Cal. 80 [25 P.2d 403] and *Molema* v. *Molema,* (1930) 103 Cal.App. 79 [283 P. 956], among other cases, to support his argument that a court may not arbitrarily change such an order when the condition of the parties is shown on the second hearing to be substantially the same as on the first hearing. Both of these cases, however, concede the power of a court to modify the allowance for alimony when the state of the case existing at the time of the first order has changed sufficiently to justify a modification of the award. It was stated in *Mathews* v. *Mathews,* (1920) 49 Cal.App. 497 (p. 499), [193 P. 586], "That the court may modify its orders with respect to alimony there can be no question. It is so provided in Civil Code, section 139, and our courts have so held. [Citing cases.]" Here the court specifically protected plaintiff's right to make a motion for modification by the express provision that the first order was "without prejudice to renewal of motion." The question to be determined is whether the circumstances were such as to justify the modification of the allowance. The only evidence presented at the second hearing as to the circumstances of the parties was plaintiff's affidavit. Although defendant had notice of the

motion and an opportunity to reply thereto, the statements in plaintiff's affidavit remained uncontradicted. There was no showing that defendant was unable to make an affidavit; on the contrary, defendant's counsel stated at the second hearing that he appreciated he ''could have replied to counsel's affidavit by way of analysis of these claimed payments, and so fourth [sic].'' Plaintiff's affidavit stated that her continued illness had caused her to incur debts; that her condition required the attention of a specialist but her present allowance was insufficient to permit such care; that it was likewise insufficient to permit her to employ a graduate nurse; and that at the time the previous order was made, she felt her physical condition would improve but she had become convinced that the care and attention of a specialist was the only way she could regain her health. Plaintiff was ill at the time of the first hearing. Her doctor's affidavit, which was filed in that proceeding, stated that her condition was serious and that he had ordered her to bed for a period of "possibly a month or more.'' Plaintiff apparently had no reason then to believe that her condition would not improve, and she could not have known then that, after the lapse of approximately 6 months, she would require the attention of a specialist. Plaintiff's affidavit, upon which the first hearing was based, stated that her monthly expenses were $524, and her affidavit in the second hearing stated that such expenses were $393. At the hearing based upon the first affidavit she was awarded $300 a month. At the hearing based upon the second affidavit, in which the stated expenses were $131 less than stated in the first affidavit, she was awarded $450 a month. It is to be noted, in explanation of the differences between the specified amounts in the two affidavits, that the statement in the first affidavit as to her monthly expenses was a statement of her then present expenses including medical attention, and that the statement in the second affidavit was a statement of her then present expenses not including certain medical attention which she alleged was then necessary. Plaintiff's affidavit set forth grounds sufficient to justify the modification of the maintenance order.

 (3) Appellant further asserts that the court abused its discretion in granting the increase. The argument is that plaintiff's affidavit in the second hearing stated the assets of defendant were substantially less than they were at the original hearing when the first order was made. Plaintiff's affida-

vit in support of her claim at the first hearing stated that defendant's financial worth was "$400,000.00 estimated," and stated it would be "necessary to have an audit made of deft's books in order *to determine the amount and location of community property.*" (Italics added.) The defendant failed to file a questionnaire and he did not testify at the first hearing. The court, therefore, had no information from the defendant regarding the financial status of the parties at the time it made the first order which provided it was made "without prejudice to renewal of motion," and that defendant should pay "$300.00 costs of audit" of defendant's books. Since the first order was made, and prior to the filing of plaintiff's second affidavit, the audit was completed and defendant's deposition was taken. At the hearing on the renewal of the motion the court had for its consideration, as above shown, in addition to the evidence on the first hearing, the further affidavit of plaintiff, the audit, and the deposition of defendant. The evidence showed that the community property of the parties was of a value in excess of $300,000 and included $30,000 cash in the bank. That the court contemplated at the time of making its first order that a modification might be necessary was indicated by the fact that the first order included the express provision that it was "without prejudice to renewal of motion." The trial court did not abuse its discretion in granting an increase in the award pendente lite.

(4) The last point urged by appellant, that the court erred in failing to grant defendant a postponement of the hearing on the showing made that he was unable to appear in court by reason of illness, is untenable. An application for a continuance is addressed to the sound discretion of the trial court. An abuse of discretion must be shown to justify a reversal of the order. *(Barnes* v. *Barnes,* (1892) 95 Cal. 171, 177 [30 P. 298, 16 L.R.A. 660].) In considering the interests of the parties to this action, the trial court may well have concluded that, in view of plaintiff's allegations relative to an urgent need for special medical attention, any delay occasioned by a continuance would result in injustice to her. Defendant's illness was the only reason presented by his counsel for making an application for a continuance. An affidavit is proper in support of, or in opposition to, such a motion as the one involved herein. (Code of Civ. Proc., sec. 2009.) The original order was made upon affidavits (although defendant was present at the hearing he did not testify). De-

fendant offered no evidence to show that his opposition to plaintiff's motion could not have been made by means of an affidavit, or that he would suffer damage to his interests if unable personally to attend the hearing. The trial court properly denied the application for a continuance.

The order is affirmed.

Desmond, P. J., and Shaw, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1943.