[Civ. No. 14487.  First Dist., Div. Two.   Jan. 25, 1951.]

HAZEL CURRAN LARSEN, Respondent, v. HARALD LARSEN, Appellant.

Young, Hudson & Chouteau for Appellant.

Lucille F. Athearn for Respondent.

NOURSE, P. J.—In an action for separate maintenance defendant, husband, appeals from an order of November 10, 1949, awarding the plaintiff $1,000 additional attorney's fees and $4,689.18 for necessaries supplied to plaintiff and the infant child of the parties, partly paid by her from her separate estate, partly paid by friends and partly unpaid. A prior order of February 7, 1949 had granted plaintiff custody of the minor child of the parties, $350 per month temporary alimony for herself and the child beginning December 23, 1949, and her attorney $250 for and on account of costs and $500 for and on account of legal services rendered plaintiff. The matter of the repayment of the ·necessaries had for a large part been before the court at the hearing on the order to show cause but had expressly been left undecided. The notice of ''motion to compel defendant, Harald N. Larsen, to pay indebtedness for necessaries supplied to wife and infant child and for other and further relief'' was filed February 17, 1949, a notice of motion for payment of further counsel fees on June 22, 1949, after having been orally introduced on June 16, 1949. The capacity of defendant to make also the additional payments ordered on November 10, 1949, pursuant to these motions is not disputed.

Appellant contends that the $1,000 additional attorney's fees were awarded for past services and that section 137, Civil Code, the only section governing the subject, does not give the court authority to do so because with respect to past services the required necessity of the allowance is lacking. (*Warner* v. *Warner,* 34 Cal.2d 838, 840 [215 P.2d 20]; *Loveren* v. *Loveren,* 100 Cal. 493, 495 [35 P. 87].) Appellant relies especially on *Smith* v. *Superior Court,* 89 Cal.App. 177, 186 [264 P. 573], in which case an order to pay $200 additional attorney's fees for services as to the motion leading to that award was held void on the above ground.

However in the present case the supplemental award was not made specifically for such completed past services.

The notice of motion filed June 22, 1949, mentioned only "further reasonable counsel fees in the action." It is true that the order prepared by plaintiff's counsel described the amount of $1,000 as "For and on account of attorney's fees for services rendered plaintiff to and including July 1, 1949" but in the order as signed on November 10, 1949, the words "for services rendered plaintiff to and including July 1, 1949" were struck out by the trial judge. Appellant contends that nevertheless the award must be considered as made for past services because the order contains a finding "that plaintiff had incurred indebtedness for necessaries in the amount of $5,689.18 supplied to plaintiff and the minor child of plaintiff and said defendant during marriage" and that this unspecified amount of $5,689.18 does not only include the obligations actually incurred for necessaries which total $4,689.18 but also the $1,000 additional attorney's fees. We are of the contrary opinion. By striking the reference to past services the trial judge expressly demonstrated that the amount was not awarded for said past services as such, but that he had decided that the services in the whole action, according to his estimation at the time of the order, would necessitate fees in the amount of $1,500 instead of the $500 originally estimated. A finding as to an indebtedness for attorney's services already incurred by plaintiff was then superfluous; that the court did not strike out this hidden finding when he rejected the theory of plaintiff's attorney was clearly an oversight. It must be disregarded as surplusage.

The court had power under section 137, Civil Code, to grant additional attorney's fees. In *Rose* v. *Rose*, 109 Cal. 544, 545-46 [42 P. 452], it is said: "The Court cannot know at the commencement of the action the amount of labor that will be required, or the value of the services to be performed in the prosecution or defense of the action on behalf of the wife, and there is no rule of procedure which requires it to fix the entire amount of counsel fees at the beginning of the action, or to prevent it from making allowances from time to time as the exigencies of the case shall seem to demand." In deciding these requirements from time to time the court will also consider the services already rendered, when further services are needed and the prior services have not in fact been rendered on the wife's own credit. (See 1 Nelson on Divorce, 2d ed. 405-6; *Theisen* v. *Keough*, 115 Cal.App. 353, 361 [1 P.2d 1015]; *Howton* v. *Howton*, 51 Cal.App.2d 323,

327 [124 P.2d 837]; *Thomas* v. *Thomas,* 66 Cal.App.2d 818, 826 [153 P.2d 389].) The protracted and tenacious opposition to the motions leading to the order appealed from which necessitated several hearings contained in a reporter's transcript of 270 pages and the submission of briefs could be considered as indication of the large volume of attorney's services which would be required in the matter as a whole. Appellant does not contend that the granting of the additional amount of $1,000 constituted an abuse of discretion under the circumstances before the superior court. Unless there is clear evidence to that effect the order will not be set aside on appeal (*Warner* v. *Warner, supra,* 34 Cal.2d at pp. 339-340 and cases there cited).

With respect to the awards for necessaries supplied to plaintiff and the infant daughter of the parties appellant does not contend that the court lacked power to make the awards but that it abused its discretion in doing so, because repayment pendente lite of the amounts laid out or the indebtedness incurred was not necessary to enable respondent to support herself or prosecute the action as she had a sizable estate of her own. (*Tremper* v. *Tremper,* 39 Cal.App. 62, 67 [177 P. 868]; *Busch* v. *Busch,* 99 Cal.App. 198-203 [278 P. 456].) In *Gay* v. *Gay,* 146 Cal. 237, 242-43 [79 P. 885], it is expressly recognized that, as part of temporary alimony, a payment of a lump sum for past expenses may be allowed when such is necessary to enable the wife to further prosecute her case and to support herself upon the amount to be paid to her periodically in the future. (See, also, *Reed* v. *Reed,* 40 Cal.App. 102, 106-107 [180 P. 43].) The Tremper and Busch cases cited by appellant recognize that principle but hold that it was not applicable under the special circumstances of those cases, in the Tremper case because no showing whatever as to need was made, in the Busch case because there was no indebtedness as the earlier support had been provided as gift by the father of the wife.

Necessity in the above respect has the same meaning as in relation to all other awards based on section 137, Civil Code. "The term 'necessary' in section 137 must be given its broadest connotation. What is 'necessary' rests in the sound discretion of the trial court." (*Howton* v. *Howton,* 51 Cal.App.2d 323, 325 [124 P.2d 837]; *Westphal* v. *Westphal,* 122 Cal.App. 379, 382-83 [10 P.2d 119].) "In the allowance of alimony and costs under section 137 of the Civil

Code, the law recognizes the fact that a wife is entitled to live in her customary manner according to her station in life.'' (*Falk* v. *Falk*, 48 Cal.App.2d 780, 790 [120 P.2d 724].) The wife is not compelled to exhaust the corpus of her separate estate if her income is not sufficient to provide her with adequate means for counsel fees and living expenses. (*Westphal* v. *Westphal*, 122 Cal.App. 388 [10 P.2d 122]; *Heck* v. *Heck*, 63 Cal.App.2d 477, 480 [147 P.2d 114]; *Falk* v. *Falk*, 48 Cal.App.2d 780, 788-90 [120 P.2d 724].) In the Westphal case the wife owned stock of a value of $15,000 from which she derived an income of $500 a year; in the Heck case a separate estate of $10,000 which produced a small income; in the Falk case her income from her separate estate was approximately $1,600 in one year; in each of these cases the size of the separate means of the wife was held not to prevent an award under section 137, Civil Code.

In the present case the evidence showed that before her marriage to defendant, which took place in the year 1946, plaintiff was the widow of a member of the Bar who had left her an estate of approximately $50,000 but from which first marriage she also had two children, a boy 11 and a girl 6 years old at the time of the hearing in this case. The income from the separate estate amounted to approximately $1,250 a year. It was plaintiff's position that the inheritance from the first husband should be earmarked for the support and education of his two minor children (for whose support the defendant was not legally responsible) and that defendant should have to repay the amounts of indebtedness with which she had had to burden that separate estate when defendant left her in the middle of October, 1948, without providing for support, except three payments of $75 each for the infant daughter of the parties. On or about October 8, 1948, defendant had installed plaintiff and the three children in the Benjamin Franklin Hotel in San Mateo, California, after having sold his home in San Francisco where they had been living. He left them at the hotel without providing another home when he learned that before leaving San Francisco plaintiff had filed the complaint in the present separate maintenance action. (No attempt had been made to serve defendant with process.) Defendant then left the state, according to his testimony on an extended business trip, and informed the hotel that he would not any longer be responsible for the bill of the family. Plaintiff temporarily could not find out his whereabouts. Only on November 23, 1948, was he served with process in Reno,

Nevada, and on December 23, 1948, he appeared in court at the hearing of the order to show cause which led to the original order for temporary alimony stated earlier in the opinion. The major part of the amount ordered to be reimbursed relates to indebtedness for necessaries incurred between the separation of the parties and the beginning of the monthly alimony payments on December 23, 1948. We cannot say that the superior court abused its discretion when in accordance with *Gay* v. *Gay, supra,* it ordered defendant to repay the amount of such indebtedness. By not appealing from the original temporary alimony order defendant conceded that plaintiff needed his support. It was within the discretion of the court to decide that the high living expenses during the first two and a half months when plaintiff was left with her family in a relatively expensive hotel without having a home available should also be borne by defendant and not deplete the estate left by the first husband, which constitutes the only means of support of the children of the first marriage. The amount laid out evidently could not be put aside out of the income of plaintiff which amounted at most to $450 a month including the monthly alimony. We are not aware of any good reason why appellant should be entitled to evade or postpone his duty of support with respect to that first period because he forced the wife to advance the amounts needed from her separate estate.

■ Appellant presents a separate argument with respect to a group of items which he was ordered to pay totalling $1,105.29 which relate to home equipment and furniture acquired by plaintiff after December 23, 1948, and paid for her by her attorney and a brother-in-law and to storage and moving of furniture partly prior and partly after that date paid by the same persons. Plaintiff's affidavit shows in that respect that to obtain suitable quarters at not too high cost and to terminate the costly stay at the Benjamin Franklin Hotel, plaintiff found it necessary to acquire and furnish an apartment. The equipment and furniture of the former San Francisco home of the parties, mostly the separate property of defendant, were moved away by him on October 8, 1948, and he refused to allow plaintiff the use of them. Plaintiff had certain furniture of her own which had been stored in the warehouse of defendant, from which defendant after the separation removed it to a vacant lot. Plaintiff was therefore compelled to have that furniture moved and stored. To

furnish the apartment she had her stored furniture moved there and moreover it was necessary to purchase certain equipment and furniture of the same character as that which defendant had removed from the former home, to wit, a stove, a refrigerator and bedroom and kitchen furniture and furnishings. She testified that these were essential when she moved into the flat.

Appellant argues that he cannot be taxed for such expenditures made subsequent to the order for alimony pendente lite and that his liability was limited to the monthly payments ordered until that award was properly modified by the court. It is our opinion that the order to pay said amounts constitutes such modification of the alimony by the court and was properly within the court's discretion. The necessity of incurring the indebtedness caused by defendant's behavior constituted new circumstances which in the court's discretion might justify an increase in award. (*Miller* v. *Miller*, 57 Cal.App.2d 354, 360 [134 P.2d 292].) If plaintiff had arranged for instalment payment of these one time necessaries, the court could have granted her an increase in monthly allowance to cover the instalments. We find nothing objectionable or unjust to defendant in the solution here chosen. The principle of the Gay and Reed cases, *supra*, that alimony may be granted retroactively and/or partly in lump sum when such is necessary to prevent old indebtedness from hampering the ability of the wife to live on future monthly alimony payments, we consider also applicable to increase in alimony. With respect to the necessity in this case the same applies to the payments for necessaries provided after December 23, 1948, as to those prior to that date.

Prior to the written order of November 10, 1949, in this opinion so far treated as the only order appealed from, the court had made on July 15, 1949, a minute order covering the same subject matter, but ordering the defendant to pay indebtedness in the sum of $4,727.85, whereas the written order directs him to pay six items of indebtedness totalling $4,689.18. Also from said minute order of July 15, 1949, defendant has timely appealed. As the parties limit their arguments to the separate items and the total as contained in the written order, we assume that the different amount in the minute order was caused by clerical error or inadvertence of the court, and that the written order was intended to correct this, although such is not expressly stated. For the reasons stated for an affirmance of the second order we must

affirm the minute order on the separate appeal taken from it; however it is proper to make the correction explicitly.

The sum of $4,727.85 contained in the minute order of July 15, 1949, as the indebtedness ordered to be paid by defendant is corrected to read $4,689.18.

The order of July 15, 1949, is affirmed as corrected. The order of November 10, 1949, is affirmed.

Goodell, J., and Dooling, J., concurred.