Luella M. ZUNDEL, Plaintiff and
Respondent,

v.

Joe M. ZUNDEL, Defendant and Appellant.

No. 8353.

Supreme Court of North Dakota.

Dec. 8, 1966.

Lyle Huseby, Fargo, for appellant.

Mackenzie & Jungroth, Jamestown, for respondent.

ERICKSTAD, Judge.

At the time of the oral argument in the case of Zundel v. Zundel, N.D., 146 N.W.2d 896, a decision rendered by this court on November 21, 1966, the motion of the plaintiff, Luella M. Zundel, for allowance of attorney's fees on appeal to the Supreme Court was also heard. The pertinent part of the motion reads as follows:

Comes now James R. Jungroth, of the law firm of Mackenzie & Jungroth, Jamestown, North Dakota, the attorney for Luella M. Zundel, the Plaintiff in the above captioned case, and moves that the North Dakota Supreme Court assess Plaintiff's attorney fees against the

above named Defendant, Joe M. Zundel, in the amount of $750.00 together with mileage in the amount of $20.00 for the appellate proceedings including preparation of brief and oral argument and travel in the above captioned case which is to be heard in the North Dakota Supreme Court.

This Motion is made upon the grounds that the property division and alimony awarded to the Plaintiff belongs to her and she should not be required to expend this money in defending Defendant's attack upon the Judgment. Equity demands that the Defendant pay these attorney fees due to his relative prosperity. Said Motion is based upon the motion and affidavit attached hereto and all the other files and records in said action.

The material part of the affidavit in support of the motion reads as follows:

James R. Jungroth, being first duly sworn, deposes and says that he is a member of the law firm of Mackenzie & Jungroth, Jamestown, North Dakota, and the attorney for the Plaintiff in the above entitled action.

Affiant further deposes and says that the reasonable value of his services as a member of the law firm of Mackenzie & Jungroth in representing the Plaintiff in the above entitled action in the instant appeal to the Supreme Court is $750.00.

Affiant further deposes and says that he recognizes that under the law as set out in Bryant v. Bryant, N.D., 102 N.W. 2d 800, that both the District Court which heard the original case and motion thereon and the Supreme Court of the State of North Dakota have concurrent original jurisdiction to award monies necessary to defend an appeal but it is felt that the District Court proceedings would be a waste of time in that the fees for handling the Motion of May 16, 1966, ordered by the Court in the amount of $100.00 plus $20.00 mileage have not been paid by the Defendant and that he is appealing said award.

This motion was resisted by the defendant, Joe M. Zundel; and in support of this resistance, his counsel filed an affidavit, the material part of which reads as follows:

Affiant states that since the divorce was granted, that the defendant has been required to pay and has paid, by order of the District Court, to the plaintiff, the sum of $21,800.00 as a part of said property settlement under the terms of said divorce; that the plaintiff, therefore, is financially able to pay her own attorney's fees and costs in defending the appeal in this action.

No brief was filed in support of the motion or in resistance to it.

In an application for the allowance of attorney's fees in a divorce action, we are governed by § 14–05–23, N.D.C.C.

In a decision rendered by this court in 1966, in a case in which the trial court had awarded $1,500 in attorney's fees for legal services leading up to and culminating in a divorce judgment, the attorney for the appellant, in support of his contention that § 14–05–23 limits an award for attorney's fees to money necessary to prosecute or defend the action, argued that inasmuch as the plaintiff had received in the judgment cash, bonds, and land, she had assets more than adequate to pay her own attorney's fees.

In response to that argument we said:

* * * [O]ur view of this matter is that § 14–05–23, N.D.C.C., relates to the ability of the person to prosecute or defend the action at the time of the commencement of the action and that it is not what division of property the court may ultimately make that determines whether a person is entitled to an award of money to prosecute or defend the action.

Fischer v. Fischer, 139 N.W.2d 845, 854 (N.D.1966).

On rehearing in that case it was asserted by the defendant-appellant that the plaintiff had $1,300 in government bonds at the time she applied for attorney's fees and that therefore an award at that time was not required.

In response to this argument we said:

> Our view is that one need not be completely destitute to be eligible for allowance of attorney's fees in the prosecution or defense of an action for divorce. Divorce proceedings usually consume months and in some cases years before they are concluded. During the period of time between the initiation of the action or application for the allowance of attorney's fees and the culmination of the action or the making of the award, a party to a divorce must provide for his or her necessities and should not be required to seek charity or governmental aid for these purposes if ample assets have been accumulated through the efforts of the parties.

Fischer v. Fischer, supra, at 857.

It is significant that in spite of the vigorous dissent filed by one of the judges of this court and his reference to a number of earlier decisions of this court on this matter, the majority concluded that there was no showing of an abuse of discretion on the part of the trial court in granting the attorney's fees under those circumstances.

In the instant case the motion relates to the allowance of attorney's fees for services rendered in connection with an appeal from the lower court to the Supreme Court. As no application was made to the lower court for the allowance of such fees, we have no decision of the lower court to review.

In Bryant v. Bryant, 102 N.W.2d 800 (N.D.1960), this court said that under § 14–0523, N.D.R.C. of 1943, which is § 14–05–23, N.D.C.C., this court and the trial court from which the appeal is taken in a divorce action have concurrent original jurisdiction to award moneys necessary to prosecute or defend an appeal.

The burden of showing that an allowance of attorney's fees is necessary to defend an appeal in a divorce action is upon the party seeking the allowance of the fees. Pedreira v. Pedreira, 32 Cal.App. 711, 164 P. 30, 33.

Our statute on the allowance of attorney's fees in divorce matters is derived from § 137 of the California Civil Code. Although California has now amended its statute so that it is broader than it was, under the statute as it existed when it contained provisions very similar to our present statute, the California courts were quite liberal in ascertaining necessity.

In Larsen v. Larsen, a California decision rendered in 1951, the District Court of Appeal said:

> "The term 'necessary' in section 137 must be given its broadest connotation. What is 'necessary' rests in the sound discretion of the trial court." Howton v. Howton, 51 Cal.App.2d 323, 325, 124 P.2d 837, 838; Westphal v. Westphal, 122 Cal. App. 379, 382, 383, 10 P.2d 119. "In the allowance of alimony and costs under section 137 of the Civil Code, the law recognizes the fact that a wife is entitled to live in her customary manner according to her station in life." Falk v. Falk, 48 Cal.App.2d 780, 790, 120 P.2d 724, 729. The wife is not compelled to exhaust the corpus of her separate estate if her income is not sufficient to provide her with adequate means for counsel fees and living expenses. Westphal v. Westphal, 122 Cal.App. 388, 10 P.2d 122; Heck v. Heck, 63 Cal.App.2d 477, 480, 147 P.2d 114; Falk v. Falk, 48 Cal.App.2d 780, 788–790, 120 P.2d 724. In the Westphal case the wife owned stock of a value of $15,000 from which she derived an income of $500 a year; in the Heck case a separate estate of $10,000 which produced a small income; in the Falk case her income from her separate estate was

approximately $1600 in one year; in each of these cases the size of the separate means of the wife was held not to prevent an award under section 137, Civil Code.

Larsen v. Larsen, 101 Cal.App.2d 862, 226 P.2d 650, 653.

In a 1929 decision of the District Court of Appeal of California, the court, in quoting from a previous California decision, said:

\* \* \* "Where the wife is the owner of nonincome-producing property, the law does not require her to have recourse to her own resources first, or to impair the capital of her separate estate." Farrar v. Farrar, 45 Cal.App. 584, 586, 188 P. 289, 290.

Busch v. Busch, 99 Cal.App. 198, 278 P. 456, 457.

In a decision rendered in California in 1933 the District Court of Appeal held that the fact that the defendant in a divorce action offered to the plaintiff the privilege of accepting $2,000 awarded to her without thereby depriving her of her right to prosecute an appeal from the unfavorable portion of the property judgment did not render the $2,000 available for carrying on the plaintiff's appeal so as to preclude the court from allowing attorney's fees and costs for prosecuting the appeal.

In that case the court said:

\* \* \* [O]rdinarily the court would not compel the plaintiff to resort to the capital portion of her separate property and it is evident that the income from the $2,000 would not be sufficient to provide funds for this appeal and for her support. \* \* \*

Cline v. Cline, 132 Cal.App. 713, 23 P.2d 431, 432.

Here the record is completely devoid of information upon which we could make a determination of the necessity for the allowance of attorney's fees for the defense of this appeal. The record as to necessity relates only to the conditions existing at the time of the trial and prior thereto. It does not indicate whether the plaintiff was in need of money to defend the appeal.

■ Notwithstanding the quoted decisions and not because the plaintiff had available to her $21,800 as part payment of the judgment, but because there has been a failure on the part of the plaintiff to make an adequate showing in this court of necessity, we must deny the motion for attorney's fees on appeal.

TEIGEN, C. J., and STRUTZ, MURRAY and KNUDSON, JJ., concur.