## MEYER v. MEYER.

### S. F. No. 733; March 2, 1898.

#### 52 Pac. 485.

**Alimony—Support of Child.—An Order was Made in a Divorce** suit requiring the husband to pay to his wife (defendant) alimony pendente lite, $125 per month, and $200 counsel fees. There was one son, aged twelve years, who lived with his mother. Defendant's father had conveyed to her a house and lot worth at present $30,000, and yielding a rental of $135 per month. Two weeks after the suit was commenced, she conveyed it back to her father, without consideration, by deed which was not recorded. The rents thereof were still paid to her. Plaintiff's net earnings

were $275 per month; his personal expenses $150 per month. He owed $600, which he was paying in installments. Held, that the monthly allowance should be reduced to $50 per month, to include the support and education of the son.

APPEAL from Superior Court, City and County of San Francisco.

Action by Louis Meyer against Matilda Meyer for divorce. From an order made, on defendant's motion, for alimony and counsel fees, plaintiff appeals. Modified.

John Desback for appellant; Napthaly, Friedenreich & Ackerman for respondent.

HAYNES, C.—Suit for divorce. This appeal is from an order made October 17, 1892, on the motion of defendant requiring the plaintiff to pay to the defendant alimony, pendente lite, in the sum of $125 per month, and $200 counsel fees. Notice of appeal from said order was served October 29, 1892, but the bill of exceptions was not settled until September 16, 1896. The affidavit of defendant in support of said motion showed that there was issue of said marriage, one son, aged twelve years; that plaintiff is a pilot, and as such earns a monthly sum exceeding $500, as she is informed and believes; that he contributes nothing to the support of herself or said child, and that she "is now deriving her support through the assistance of relatives"; that it is necessary to employ counsel; and that $250 per month is a reasonable sum for the support of herself and child. From affidavits and other evidence introduced by plaintiff, among which were the deposition of the defendant and the testimony of her father and brothers, it appeared that said parties to this proceeding were married in 1878; that about four years afterward the defendant's father conveyed to her a house and lot on Van Ness avenue, now of the value of about $30,000, and at the date of these proceedings was yielding a rental of $135 per month; that on June 8, 1892 (about two weeks after the suit was commenced), she conveyed it back to her father; that he did not request it; that no consideration was paid for it; that she did not speak to him about it; that she handed the deed to her brother, and told him to deliver it to her father; that, as plaintiff owed her father a good deal of money, and she was dependent upon him, she thought it was right to return the prop-

erty to him, but that this application for alimony had nothing to do with it, and that she had no other property. Nicholas Van Bergen, defendant's father, was examined as a witness on behalf of the plaintiff, and testified that he had nine children, some of them married; that he conveyed real estate to some of them shortly after their marriage; that he did not request the defendant to convey back said property, had not spoken to her about it, had not recorded the deed; that his son collected the rents, and paid them over to defendant; that he gave plaintiff money a great many times, he supposed altogether about $4,000; that he held his notes for $1,550, part of said sum; that he kept no account of the other moneys, because he saw there was no use of it. The taxes on said property are about $170 yearly. Plaintiff's books showed that his average monthly earnings from May, 1884, to August 1892, inclusive, were $301.81; that his expenses incidental to and necessary in the conduct of his business as pilot are $25 per month; that his personal expenses are $150 per month; that he is in poor health and under the care of a physician; that he is indebted to various persons aggregating about $600, which he is paying in installments; that he is absolutely without means, having no money on hand, and depends entirely on his monthly income, and is fifty-seven years of age. He offered to pay from his earnings $50 per month for the support and education of his son.

We think the order appealed from should be modified. The defendant ought not to be permitted to impose so serious a burden upon the plaintiff when it appears, as it does here, that she voluntarily, and wholly without consideration, conveyed away valuable property, and thus apparently placed herself in a condition of dependence upon her relatives. This condition, however, seems to be more apparent than real, since it has not in any manner interfered with her receipt of the rents, amounting to $135 per month. Plaintiff's average monthly income from his services as pilot is, in round numbers, $300 per month. Certain expenses incident to his office or employment are $25 per month, leaving a net income of $275 per month. The plaintiff offered to pay $50 per month for the support and education of his son, which would leave his net income $225 per month, out of which his living and all incidental expenses must be paid, and which he testified amounted to $150 per month, leaving a balance of $75 to be

applied to the payment of his debts, which amounted to $600, and to meet those contingencies which a man of his age (fifty-seven years) should anticipate, viz., the inability to pursue his occupation and the added expense of serious illness; while, if we add to the defendant's income of $135 per month the $50 offered to be paid by plaintiff for the support and education of his son, she would have an income of $185 per month, and that, we think, is sufficient.

As to the allowance for counsel fees, if it be conceded that she is still in fact the owner of the Van Ness avenue property, as appellant contends, the income from it is not sufficient to enable her to pay counsel; and as she is the defendant in the action, and not a voluntary party, we think she should not be required to encumber her real estate in order to defend the action; and, as to the amount allowed for that purpose, we do not think it so unreasonable as to justify any interference with the discretion of the court below. We therefore advise that the order appealed from be modified by reducing the monthly allowance from $125 per month to $50 per month, such allowance to include the support and education of the son of said parties, and, as so modified, that it be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion, it is ordered that the order appealed from be modified by reducing the monthly allowance to $50, such allowance to include the support and education of the minor son of said parties, and, as so modified, that it be affirmed.