[Civ. No. 8198. First Appellate District, Division One.—April 7, 1932.]

ELINOR WESTPHAL, Respondent, v. ADOLPH R. WESTPHAL et al., Appellants.

Keyes & Erskine, William H. Metson and Erwin L. Chloupek for Appellants.

Walter H. Linforth for Respondent.

PARKER, J., *pro tem.*—The parties to this action are the same as in the case of *Westphal* v. *Westphal, ante,* p. 379 [10 Pac. (2d) 119], this day decided. The present appeal is from an order directing defendant Adolph R. Westphal to pay plaintiff certain sums of money to defray counsel fees and costs of suit. The order appealed from was made after answer and cross-complaint by defendant. Prior to the making of the order in the present appeal the court had made an order directing the payment of a monthly allowance from which order defendant Adolph R. Westphal had appealed. The order here under review directs defendant Adolph R. Westphal, who will hereinafter be referred to as the husband, to pay to Elinor Westphal, hereinafter referred to as the wife, sums of money as follows: $500 to enable her to compensate her counsel upon the husband's appeal from the order directing the payment of support money; $1500 to enable her to compensate her counsel for his services to be rendered in defending plaintiff against the cross-complaint of the husband; $500 to enable the wife to defray the costs and expenses of the action.

Sufficient of the general situation appears in the case between the same parties this day decided. We deem it unnecessary to detail the nature of the cross-complaint or the charges therein contained. Suffice it to say that the cross-complaint does necessitate a defense and the pleadings throughout indicate a relentless vindictive battle in the offing, such only as may be expected in like cases.

The chief ground relied upon by appellant is that the wife is of sufficient means to conduct her own defense and bear the expense thereof from her own funds. We feel this point to have been fully disposed of in the appeal from the order allowing support. The plaintiff wife, as there shown, has some oil stocks of a value of $15,000, from which she derives an income of $500 per annum. It is not the law that she be compelled to exhaust the *corpus* of her estate, and certainly the income is not of sufficient amount to provide her with adequate means of defense. The order allowing counsel fees in the action was expressly to defend against the cross-complaint. In *Meyer* v. *Meyer,* 5 Cal. Unrep. 944 [52 Pac. 485, 486], it was the claim that the wife was the owner of real estate to a value of $30,000,

while the husband seems to have had nothing other than his earnings of some $300 per month. The income of the wife was $135 per month. The court says: "As to the allowance for counsel fees, if it be conceded that she is still in fact the owner of . . . [the real estate], as appellant contends, the income . . . is not sufficient to enable her to pay counsel; and as she is the defendant in the action, and not a voluntary party, we think she should not be required to encumber her real estate in order to defend the action."

In Ruling Case Law, volume 1, page 895, the rule is stated that the law does not require a wife to have recourse to her own resources first, to the impairment of the capital of her own separate estate. 19 Corpus Juris, 236, states the rule that the capital of the wife's separate estate need not be resorted to by her in prosecuting or defending her action against the husband. Where the husband is a man rated at a wealth of possibly $1,000,000, or even one-half thereof, and with income from all sources in excess of $2,500 per month, and the situation disclosed is one of extreme hostility between the parties, we can see no abuse of discretion in the order made.

As a matter of fact, appellant does not question the amount of the allowance made excepting in a perfunctory way. It was shown that the wife's counsel had received $1,000 for past services. This, in the present case, does not affect the order here being reviewed, inasmuch as no part of the money ordered advanced was for past services, and there is no contention that the money already paid is in payment of future services.

Appellants argue along the lines of public policy, social economy and good morals. While these arguments are interesting, they call for no reply. A change in the general scheme of the law can come only through the legislature. Yet, for the very reasons urged by appellant in his general discussion, each case must be considered by itself, and so the lawmaker has perforce left the determination of many things to the sound discretion of the trial court. And it is certain that if the individual cannot wisely choose his or her partner in matrimony, the courts cannot remedy the error there made. And where the argument is advanced that the allowance of alimony encourages persons to enter into the marriage state simply in the hope of financial gain through

the liberality of the courts, the reasons advanced redound not against the system, but as testimonials to the credulity of those unable at the outset to distinguish the gold from the dross.

Judgment affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 7, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 4, 1932.