[Civ. No. 3104. Fourth Dist. Mar. 24, 1944.]

O. C. HECK, Appellant, v. ROSE HECK, Respondent; E. P. HECK et al., Cross-Defendants and Appellants.

Kendall & Howell and Sidney J. W. Sharp for Appellants.

Borton, Petrini, Conron & Borton for Respondent.

MARKS, J.—This is an appeal from an order adjudging plaintiff in contempt of court, ordering him to pay Rose Heck (whom we will refer to as the defendant) $250 per month for her support and maintenance during the pendency of the action, to pay to her attorneys $300 for their services rendered in representing her on his motion for new trial in the divorce action, and $1,000 for their services in representing her on his appeal from the interlocutory judgment, and the sum of $250 on account of the cost of a clerk's transcript and reporter's transcript and of briefs on appeal. No question is raised as to this last item.

This proceeding grew out of an action for divorce brought by plaintiff against defendant, and an appeal by plaintiff from an interlocutory judgment there rendered. An opinion in that case is filed herewith (*ante*, p. 470 [147 P.2d 110]) which sets forth the material facts which will not be repeated here.

An order adjudging a party in contempt of court is not appealable (sec. 963, Code Civ. Proc.), so no further attention need be given that matter except to remark that as no penalty was imposed, the question of the technical contempt, if any, seems unimportant. An order of the court and the interlocutory decree of divorce awarded defendant $175 per month as support money during the pendency of the action. After the appeal from the interlocutory decree was taken, an order to show cause was issued and this support money was increased on February 3, 1943, to $250 per month.

Defendant had a separate estate of the value of about $10,000 which produced a small income. She also had possession of the family home. Further, there was an order requiring plaintiff to pay for the utilities used there which she testified he had not fully obeyed. It is urged that plaintiff had maintained herself on the former allowance and that there was no good cause shown justifying the increase.

Defendant testified that she had lived on the former allowance; that she had an infection which needed medical attention and treatment; that she needed dental work done; that living costs had increased since the rendition of the interlocutory decree on August 18, 1942; that $350 per month was necessary to pay her increased living expenses, her care during the medical treatment and for doctor's and dentist's charges.

Thus we have presented on this question the familiar situation of a conflict in the evidence which the trial judge resolved against plaintiff. He was a man of considerable means with a substantial income and retained possession of almost all of the not inconsiderable community property of the parties. The question of the amount necessary to provide support for a wife during the pendency of a divorce action is within the sound discretion of the trial court. Under the facts before us we can find no abuse of that discretion in the amount awarded defendant for her support pending the appeal. No other question is argued on this phase of the case so none need be considered.

It is next argued that where the attorneys for the wife have been awarded substantial fees, and where the wife has an estate of her own, the award of $300 for fees in contesting the motion for new trial and of $1,000 for representing her on appeal, amounts to a breach of discretion on the part of the trial judge.

It would appear that the award of $300 for services at the hearing of the motion was for services already rendered. However, that question is not raised, probably because of the order referred to in the opinion rendered in the divorce action (*ante*, p. 470 [147 P.2d 110]) which permitted further allowances of attorneys' fees, costs and expenses as the case progressed.

The matter of attorneys' fees to be allowed a wife to defend a divorce action, both in the trial court and on appeal, as

well as the amount to be awarded, is first committed to the sound discretion of the trial judge. (Sec. 137, Civ. Code.) She is not always required to exhaust the corpus of her own estate before being entitled to ask for and receive a sufficient sum with which to make her defense. (*Westphal* v. *Westphal,* 122 Cal.App. 388 [10 P.2d 122] ; *Farrar* v. *Farrar,* 45 Cal. App. 584 [188 P. 289].) As the amount to be awarded is within the sound discretion of the trial court, it must appear that there was an abuse of discretion before an appellate court will interfere. No such abuse of discretion is made to appear here.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.