[Civ. No. 19062. Second Dist., Div. Two. Jan. 29, 1953.]

RAYMOND H. SIGESMUND, Appellant, v. ISABELLE SIGESMUND, Respondent.

Burby & Broderick and William E. Burby for Appellant.

Bautzer, Grant, Youngman & Silbert, Bernard M. Silbert and Ralph A. Fields for Respondent.

FOX, J.—The parties were married in March, 1937, and separated in March, 1950, after having lived together for 13 years. There are four children issue of the marriage, two girls and two boys. At the time of the separation the girls were respectively 8 and 12 years of age; the boys were 2 and 5. An interlocutory decree of divorce on the ground of extreme cruelty was granted to the plaintiff virtually without contest. There was, however, a bitter contest over the physical custody of the children, which was awarded to the defendant, it having been stipulated that the legal custody of the children be awarded to the parties jointly.

Plaintiff's first contention is that the court abused its discretion in awarding physical custody of the children to the defendant. The court found that defendant "is a fit and proper person to have the physical custody of the minor children; that the welfare, benefit, education and well-being of the children require that their physical custody be with the mother;" that "said minor children are well behaved and well adjusted; and that they have a feeling of security;" that the showing of neglect of the children on the part of the mother was slight; that although defendant had been guilty of marital misconduct and indiscretions, such misconduct and indiscretions were not committed in the presence of the children.

Plaintiff argues that the evidence establishes defendant is morally unfit to have the children's custody. He bases this largely upon alleged admissions of defendant in recorded conversations between him and his wife in their home and between her and a domestic employee. Defendant testified her recorded statements were not true and that those made to her husband were for the purpose of tormenting him and making him jealous. No specific findings were made on these matters. It was, of course, for the trial court to determine the credibility of the witnesses, and to resolve the inconsistencies as well as the conflicts between defendant's out-of-court, recorded statements and her testimony. (*Peterson* v. *Peterson,* 74 Cal.App.2d 312, 319 [168 P.2d 474] ; *Hansen* v. *Bear Film*

*Co.,* 28 Cal.2d 154, 184 [168 P.2d 946]; *People* v. *Frankfort,* 114 Cal.App.2d 680, 699 [251 P.2d 401].)

■ Inasmuch as the court found that defendant was a fit and proper person to have the physical care and custody of the children, and since we must review the evidence in the light most favorable to such determination (*Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424]), and since the alleged admissions of defendant, if true, would seriously militate against her fitness, we must infer that the trial court did not find the alleged admissions to be true.

Other testimony (some of which is denied) to which plaintiff directs our attention, while justifying criticism of defendant's conduct, did not require a finding adverse to her on the question of her fitness to have the physical custody of the children.

The evidence shows that defendant is devoted to her children and their welfare; took great interest in their schooling, including special instruction in music, swimming, and tennis for the older children; regularly took them to Sunday school; painstakingly provided for their medical and dental needs; and gave consideration to their dietary requirements.

After visiting with the children in chambers, the trial judge commented that they were "well behaved, alert, healthy, and apparently well adjusted" and that "they had a high degree of affection for both parents. . . ."

■ In custody matters the paramount interest of the court is the welfare of the children. ■ In passing on charges and proof of conduct on the part of a parent a very broad discretion is vested in the trial court to determine the effect on the children of established behavior. It is only when a clear abuse of such discretion is made to appear that a reviewing court will interfere with the determination of the court below. (Civ. Code, § 138; *Prouty* v. *Prouty,* 16 Cal.2d 190 [105 P.2d 295]; *Taber* v. *Taber,* 209 Cal. 755 [290 P. 36].)

■ Applying these principles and bearing in mind the ages of the children and the undesirability of separating them, it cannot be said as a matter of law that the trial court abused its discretion in awarding defendant their physical care and custody subject to the further order of the court.

■ Plaintiff's contention that the trial court abused its discretion in awarding $900 per month for the support of the children cannot be sustained. The parties are wealthy and have maintained a rather high and expensive standard of living. Plaintiff admitted that their living expenses during

the year prior to their separation had been $15,000 though he claimed this figure included an excessive amount for clothing for defendant. She, however, testified that their living expenses had been substantially higher. She submitted an itemized statement of the amount necessary to take care of and provide for the children. It was in excess of the amount allowed by the court and furnishes substantial support for the award in view of the standard of living which the parties had maintained. It cannot be said as a matter of law that the award is unreasonable in view of the plaintiff's wealth, his earnings, and his earning capacity.

Plaintiff's final contention is that the court abused its discretion in allowing defendant's counsel $5,000 additional fees. On the order to show cause plaintiff was required to pay defendant $5,000 on account of legal services, the balance, if any, to be fixed at the time of trial. The plaintiff complied with this order. Plaintiff first argues that defendant should be required to pay the balance of this fee because she has property of the approximate value of $100,000 from which she derives an income of between $350 and $400 per month. Plaintiff is worth more than $400,000 and is actively engaged in the securities and investment business. In this connection it should be pointed out that defendant is not receiving any alimony and is not gainfully employed but must devote her time to making a home for and taking care of the children of the marriage. Defendant must therefore look to her own property and the income therefrom for her support and maintenance. In view of the standard of living of the parties the trial court could reasonably conclude that it would require all defendant's income from her property for her own living expenses. To compel her to pay this additional attorneys' fee would make an inroad on her capital, from the earnings of which she must support herself. However, "the law does not require a wife to have recourse to her own resources first, to the impairment of the capital of her own separate estate." (*Westphal* v. *Westphal,* 122 Cal.App. 388, 390 [10 P.2d 122]; *Fallon* v. *Fallon,* 83 Cal.App.2d 798, 806 [189 P.2d 766]; *Cameron* v. *Cameron,* 85 Cal.App. 2d 22, 29 [192 P.2d 89]; *Larsen* v. *Larsen,* 101 Cal.App.2d 862, 866 [226 P.2d 650]; *Spreckels* v. *Spreckels,* 111 Cal.App. 2d 529, 534 [244 P.2d 917]; Civ. Code, § 137.) Under such circumstances, therefore, it was not an abuse of discretion to require the plaintiff rather than the defendant to pay the additional attorneys' fee.

Plaintiff also questions the reasonableness of the fee. The amount of such an award is within the sound discretion of the court and an order fixing such fee will not be reversed except upon a showing of an abuse of discretion. (*Heck* v. *Heck*, 63 Cal.App.2d 477, 480 [147 P.2d 114].) Plaintiff points out that the divorce was virtually uncontested. However, the custody of the children, and the provision for their support, were important and inseparable phases of the case. The settlement of the property rights of the parties was also important. Counsel for defendant spent more than 600 hours in preparation for the trial, made 9 appearances in court prior thereto, took 14 depositions which cover approximately 1,000 pages of transcript, spent some 30 to 40 hours on the case out of court during the course of the trial, and 8 days in actual trial. While the award for attorneys' fees appears to be liberal, we cannot say as a matter of law, in view of all the circumstances, that the court abused its discretion.

The judgments and the portions thereof from which plaintiff appeals are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 24, 1953.