[Civ. No. 19418.   Second Dist., Div. Two.   Apr. 8, 1953.]

RAYMOND H. SIGESMUND, Appellant, v. ISABELLE SIGESMUND, Respondent.

Burby & Broderick and William E. Burby for Appellant.

Bautzer, Grant, Youngman & Silbert, Bernard M. Silbert and Ralph A. Fields for Respondent.

FOX, J.—In a divorce action defendant was awarded the custody of the four children of the parties, and plaintiff was required to pay $900 per month for their support and $10,000 attorney's fees. Plaintiff having perfected an appeal, defendant made a motion for attorney's fees and costs to resist the appeal. The court granted defendant $2,500 attorney's fees and $600 costs. Plaintiff contends that the court abused its discretion in making the award.

Plaintiff first argues that defendant should be required to pay the attorney's fees and costs on the appeal because she has securities worth approximately $80,000 from which she receives an annual income of $4,400, an automobile, and a home worth approximately $40,000 which, however, is incumbered to the extent of $15,000. Defendant pays $150 a month on the home, which leaves her an annual income of $2,600 less income and property taxes.

In the divorce case defendant waived alimony. The children are young, two of them being of tender years. Defendant is not gainfully employed but must devote her time to making a home for and taking care of the children. She must, therefore, look to her own property and the income therefrom for her support and maintenance. Plaintiff is worth more than $400,000 and is actively engaged in the securities and investment business. The parties had developed a standard of living commensurate with their wealth. The court could, therefore, reasonably conclude that it would require

all defendant's income from her property for her personal living expenses; in fact, the court might well have concluded that she would not be able to maintain herself without encroaching upon her capital which, in turn, would serve to reduce her only income. To compel her to pay attorney's fees on appeal and costs would make further inroads on her capital. However, "the law does not require a wife to have recourse to her own resources first, to the impairment of the capital of her own separate estate." (*Sigesmund* v. *Sigesmund*, 115 Cal.App.2d 628, 633 [252 P.2d 713], and cases there cited.) Under these circumstances it was not an abuse of discretion to require plaintiff rather than defendant to pay the attorney's fee and costs on appeal.

■ Plaintiff also questions the reasonableness of the fee. The amount of such an award is within the sound discretion of the court and an order fixing such fee will not be reversed except upon a showing of an abuse of discretion. (Civ. Code, § 137; *Heck* v. *Heck,* 63 Cal.App.2d 477, 479-480 [147 P.2d 114].)

■ The clerk's transcript consists of 115 pages and the reporter's transcript of 1,088 pages. Defendant's attorney estimated the total time necessary to properly resist the appeal would be in the neighborhood of 300 hours. Respondent's brief contained 47 authorities. Counsel also argued the cases orally. The judgment was affirmed (*Sigesmund* v. *Sigesmund, supra.*) Substantial issues were involved and the questions to be decided were of tremendous importance to the parties. A substantial amount of money was also involved. In view of all the circumstances, we cannot say as a matter of law that the court abused its discretion in fixing the attorney's fee.

Defendant's estimate in the trial court of her necessary expenses in resisting plaintiff's appeal from the judgment was somewhat excessive. It now appears that the total of such expense is approximately $410.00.

The order requiring plaintiff to pay $600 as costs is modified by striking out the figures "$600.00" and substituting in lieu thereof "$410.00." As so modified, the order is affirmed. The order awarding $2,500 as attorney's fees is affirmed.

Each party to bear his own costs on this appeal.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 29, 1953.