[Civ. No. 36423. First Dist., Div. Four. April 29, 1976.]

In the Marriage of DEIRDRE AVRIL and CHARLES P. WALTER.
CHARLES P. WALTER, Appellant, v.
DEIRDRE AVRIL WALTER, Respondent.

**COUNSEL**

Graham, Gordon & McFarlan and Frederick T. Graham for Appellant.

David N. Sandler and Robert Bennett McCreadie for Respondent.

**OPINION**

**EMERSON, J.\***—In this action for dissolution of marriage, interlocutory and final judgments of dissolution were entered on the same day. No appeals have been taken from these judgments. The court, however,

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

expressly reserved jurisdiction to rule on all issues raised in the case, including the extent of community property, division of community property and "all other necessary and proper orders."

Upon trial of these issues, the court entered a judgment containing, among others, the following rulings:

That certain property, consisting of a bank account, a stock account and two automobiles was the community property of the parties;

That appellant husband (petitioner below) had misappropriated these items of property to the exclusion of the community estate and breached the duties imposed by his confidential relationship with respondent wife in so doing;

That appellant had misappropriated community funds to pay taxes and make mortgage payments on property separately owned by him;

That in order to compensate respondent for the community property misappropriated by him, appellant pay to respondent the sum of $9,028.63, equalling one-half the value of the said property;

That appellant pay to respondent's attorney as fees and costs the sum of $2,000.

From a judgment to that effect, this appeal is taken. Appellant also purports to appeal from the court's subsequent order denying his motion for new trial. The order is nonappealable, but will be reviewed on the appeal from the judgment.

Appellant's first contention amounts to an attack upon the first two findings mentioned above; that the assets in question were community property and that they were misappropriated by appellant. A finding, in a case such as this, that certain assets are community property "is binding upon an appellate court if it is supported by sufficient evidence or if it is drawn from evidence which is conflicting or subject to differing inferences." (*In re Marriage of Jafeman* (1972) 29 Cal.App.3d 244, 254 [105 Cal.Rptr. 483]; *Millington* v. *Millington* (1968) 259 Cal.App.2d 896, 915 [67 Cal.Rptr. 128]; *Beck* v. *Beck* (1966) 242 Cal.App.2d 396, 407 [51 Cal.Rptr. 491].)

We have carefully reviewed the entire record in this case. The evidence is certainly conflicting, and is susceptible to differing inferences. We determine, however, that it is amply sufficient to sustain the findings that the assets were community property and that they were misappropriated by appellant.

■ The trial court further found that appellant, in violation of a confidential relationship with respondent and in violation of his trust, disposed of a substantial portion of the community assets. Appellant asserts that he cannot be held liable on a breach of trust theory, since he believed in good faith that the disputed assets were his separate property and did not knowingly attempt to deprive respondent of any interest in them. However, good faith does not necessarily relieve a trustee of liability arising from his dissipation of trust assets. (*Fields* v. *Michael* (1949) 91 Cal.App.2d 443, 448 [205 P.2d 402]; Civ. Code, § 2238.) Such a rule is particularly necessary in cases such as this, since otherwise a spouse with the power of management and control could squander community assets with impunity by simply claiming to believe in good faith that they were his separate property.[1] Moreover, the trial court's ruling is not, as appellant claims, punitive, since it merely seeks to compensate respondent for the loss of her share of the community property. ·

■ Appellant next complains that the trial court erred in ordering him to pay to respondent one-half of the money spent by him to pay taxes ($1,388) and to make mortgage payments ($2,131) on his separately owned real property. This award was based on the trial court's finding that appellant misappropriated these sums from the community estate. Appellant, conceding for the purposes of argument that the funds in the bank account were community property, contends that he was legally entitled to use such funds to discharge his tax and mortgage indebtedness.

Appellant is correct in asserting that community property, with the exception of the wife's earnings, is liable for all debts of the husband, however and whenever contracted. (*Weinberg* v. *Weinberg* (1967) 67 Cal.2d 557, 562-563 [63 Cal.Rptr. 13, 432 P.2d 709]; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Community Property, § 84, p. 5173; § 88, p. 5178.) But, the community is entitled to *reimbursement* if community

---

[1]The case at bench was tried before the effective date of the recent statutory changes in the California community property system (Jan. 1, 1975). At the time of trial, a husband had the power of management and control of the community property.

funds are used to discharge the husband's separate indebtedness. (*Weinberg* v. *Weinberg, supra; Somps* v. *Somps* (1967) 250 Cal.App.2d 328, 338 [58 Cal.Rptr. 304]; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Community Property, § 84, pp. 5173-5174.) Hence, the trial court's order, which in effect required reimbursement, was proper.

■ Appellant next challenges, on constitutional grounds, the so-called "rule of transmutation" which, as stated by him, is the rule that "[h]usband and [w]ife may transmute or change separate property into community property or community property into separate property by oral agreement. . . ." He asserts that this rule, as well as the presumption that property held in joint tenancy is joint tenancy property, denies him equal protection of the laws.

Appellant's argument appears to be that the rule and the presumption exist chiefly for the benefit of wives, and, because of the husband's hitherto exclusive role as manager of the community property, place upon husbands a greater burden of proving that property is separate in character than they do upon wives. This constitutes, he says, an unconstitutional classification based on sex.

We perceive no constitutional infirmity in either the rule or the presumption. Each operates equally with respect to men and women. For example, if a married woman places her separate property into a joint tenancy bank account, she bears the same burden of proving that it has retained its separate character as would a man under the same circumstances. (See, e.g., *In re Marriage of Wall* (1973) 30 Cal.App.3d 1042, 1046-1047 [106 Cal.Rptr. 690].) The doctrines complained of create no classification based on sex. We note further that the "rule of transmutation" has existed in California for many years. (See *Kenney* v. *Kenney* (1934) 220 Cal. 134 [30 P.2d 398]; *Estate of Wahlefeld* (1930) 105 Cal.App. 770 [288 P. 870].)

■ Appellant's final complaint is that the trial court erred in awarding respondent $2,000 for attorney's fees and costs. He does not contend that the amount awarded was unreasonable. He argues that since respondent was awarded $9,028.63 as her share of the value of the disputed assets, she should have been required to pay the counsel fee herself, or else that the fee should have been made a community liability to be shared by the parties.

It has been held in several cases that a husband may be required to pay his wife's attorney's fees even if she has sufficient property for the purpose. (*Weinberg* v. *Weinberg, supra,* 67 Cal.2d 557, 571; *Primm* v. *Primm* (1956) 46 Cal.2d 690, 696 [299 P.2d 231]; *Crevolin* v. *Crevolin* (1963) 217 Cal.App.2d 565, 572-573 [31 Cal.Rptr. 622]; *Sigesmund* v. *Sigesmund* (1953) 115 Cal.App.2d 628, 632 [252 P.2d 713].) Appellant suggests that the rule of the foregoing cases has been changed by the requirement of the Family Law Act that the community property be equally divided. However, an argument to this effect was rejected in *In re Marriage of Jafeman, supra,* 29 Cal.App.3d 244, 262-267.

Appellant objects to the trial court's finding that respondent had no ability to pay her attorney's fee. This was a matter for the court's discretion. Granting that respondent received an award exceeding $9,000, this does not establish her ability to pay fees, when considered with other evidence in the case.

In any event, a wife who has the ability to pay a counsel fee need not be made to do so. As stated in *Weinberg* v. *Weinberg, supra,* 67 Cal.2d 557: "Even when the wife has separate property in addition to community property, the trial court need not require her to resort to her own capital for payment of her counsel before ordering her husband to pay attorney's fees." (*Id.,* at p. 571.) The award here at issue was not erroneous.

Respondent has requested that we direct the trial court to make an award of a reasonable attorney's fee for services rendered on this appeal. Any request for such additional fee should be addressed to the trial court for consideration. (*Craft* v. *Craft* (1957) 49 Cal.2d 189, 194 [49 C.2d 189; 316 P.2d 345].)

Affirmed.

Caldecott, P. J., and Christian, J., concurred.