Opinion
 

 CALDECOTT, P. J.
 

 Charles M. Smaltz appeals from an interlocutory judgment of dissolution of marriage which ordered, inter alia, that appellant husband reimburse the marital community for spousal support payments made by him to a former spouse out of community funds.
 

 The parties had been married for approximately three years. There were no children of this marriage.
 
 [1]
 
 At the date of separation, both appellant and respondent Rosemarie H. Smaltz were employed with a net monthly income of $1,741 for appellant, and $1,310 for respondent.
 

 
 *570
 
 This was the second marriage for both parties. Pursuant to court order entered prior to the parties’ marriage, appellant paid $450 per month in spousal support payments to his former wife throughout the course of his marriage to respondent. These support payments, in the total sum of $16,200, were made out of community property funds earned by appellant and respondent during their marriage. The trial court found that there were no separate funds available to appellant during the marriage from which the payments could be made.
 

 The interlocutory judgment provided that “No spousal support shall be awarded.”
 
 [2]
 
 However, it further ordered that: “13. The marital community is entitled to be reimbursed for spousal support payments made by respondent to a former wife out of community funds and pursuant to findings of fact and conclusions of law in the total sum of $16,200.00, and respondent is obligated to pay to petitioner one-half of said sum, being $8,100.00.” It is from this paragraph of the judgment that the appeal is taken.
 

 Appellant contends that the trial court was in error in requiring him to reimburse the marital community for spousal support payments made to his former wife out of community funds. He argues that, as there was no separate property from which the support payments could have been paid, it is inequitable to require reimbursement to the marital community. On the other hand, respondent argues that reimbursement for support payments is always proper where the wife did not consent to such expenditures.
 

 The rule is well established that community property is liable in its entirety (with the exception of the wife’s noncommingled earnings) to satisfy a husband’s obligations, whether incurred before or after marriage, and whether incurred for the husband’s personal benefit or for the benefit of the community.
 
 (Weinberg
 
 v.
 
 Weinberg
 
 (1967) 67 Cal.2d 557, 562-563 [63 Cal.Rptr. 13, 432 P.2d 709];
 
 Grolemund
 
 v.
 
 Cafferata
 
 (1941) 17 Cal.2d 679, 688-689 [111 P.2d 641].) In
 
 Weinberg
 
 v.
 
 Weinberg, supra,
 
 the Supreme Court held that this rule applied to support obligations: “The policy of protecting the husband’s creditors outweighs the policy of protecting family income even from premarital creditors of the husband. Community property is therefore available to such creditors.
 
 (Grolemund
 
 v.
 
 Cafferata, supra,
 
 17 Cal.2d 679, 689;
 
 Nichols
 
 v.
 
 Mitchell
 
 (1948) 32 Cal.2d 598, 610 [197 P.2d 550];
 
 Odone
 
 v.
 
 Marzocchi
 
 (1949) 34 Cal.2d 431,
 
 *571
 
 440 [211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109].) As such a creditor, a husband’s first wife can levy against the community property of his second marriage for alimony payments due.
 
 (Bruton
 
 v.
 
 Tearle
 
 (1936) 7 Cal.2d 48, 57 [59 P.2d 953, 106 A.L.R. 580];
 
 Yager
 
 v.
 
 Yager
 
 (1936) 7 Cal.2d 213, 220 [60 P.2d 422, 106 A.L.R. 664].)”
 

 However, it does not follow that because the community is liable it can never claim reimbursement from the husband. Reimbursement has been allowed where the husband abused his right of management and control by expending community funds without the consent of his wife, so as to effect improvement of his separate estate.
 
 (In re Marriage of Jafeman
 
 (1972) 29 Cal.App.3d 244 [105 Cal.Rptr. 483]; see
 
 Weinberg v. Weinberg, supra; In re Marriage of Walter
 
 (1976) 57 Cal.App.3d 802 [129 Cal.Rptr. 351].)
 
 [3]
 

 Relying on the above rules, the Supreme Court held in
 
 Weinberg
 
 v.
 
 Weinberg, supra,
 
 that the marital community was entitled to partial reimbursement for the husband’s use of community funds to meet alimony and child support obligations, where such obligations were based on both the community and separate incomes of the husband. The court reasoned that under such circumstances it would be unjust to the wife to allow the husband to preserve his separate estate by using only community funds to meet support obligations which were substantially based on his separate income, and that it would be equally unjust to charge the obligation wholly to the husband’s separate income since the obligations were continuing and were based in part upon his community earnings. The court therefore held that the obligation should have been apportioned on a pro rata basis between the two incomes and that the community was entitled to recoup that portion of the support payments which should have been charged to the husband’s separate estate. (67 Cal.2d at pp. 563-564.)
 

 The present case is distinguishable on its facts from
 
 Weinberg.
 
 Here, there were no separate funds available during marriage from which appellant’s support payments could be made. Echoing the trial court, respondent contends that this is “a distinction without a difference.” She
 
 *572
 
 argues that apportionment and reimbursement are two separate concepts, and that after an apportionment of the obligation between the separate and community incomes of the husband has been made, the court must then determine whether the wife consented to the husband’s use of community funds to discharge debts which were properly chargeable to the community. Respondent urges that, if the trial court finds that she did not consent to that use of community funds, she is entitled to reimbursement for one-half of the amount which was apportioned to the community.
 
 [4]
 

 The difficulty with respondent’s position is that it would be the community, and not the wife, that is entitled to reimbursement of community funds. Furthermore, such right of reimbursement arises only where the husband has abused his right of management and control or since January 1, 1975, the effective date of Civil Code section 5125, either spouse has abused the right of management and control. The obvious implication of the Supreme Court’s ruling in
 
 Weinberg
 
 is that support obligations based upon community earnings are community obligations; hence it is not an abuse of a husband’s power for him to use community funds to discharge a support obligation based upon his community earnings. Here the only funds upon which support payments could be based were earnings, which were community property. It is therefore illogical to argue that the wife is entitled to reimbursement for such expenditures simply because she did not consent to them.
 

 The interlocutory judgment is reversed insofar as it provides that the marital community is entitled to be reimbursed for spousal support payments made by respondent to a former wife out of community funds. The cause is remanded to the trial court to make the necessary adjustments in the judgment and amendments to the findings of facts and conclusions of law in accordance with the views expressed herein.
 

 Rattigan, J., and Christian, J., concurred.
 

 Respondent’s petition for a hearing by the Supreme Court was denied August 31, 1978.
 

 [1]
 

 However, respondent was the custodial parent of two children from her previous marriage, both of whom were minors during her marriage to appellant. The children’s father did not contribute to their support during the parties’ marriage, and respondent’s efforts to secure support were unproductive.
 

 [2]
 

 The findings of fact provided that neither petitioner nor respondent is in need of support.
 

 [3]
 

 During the parties’ marriage, Civil Code section 5125 was amended, effective January 1, 1975, to provide that “either spouse has the management and control of the community personal property, whether acquired prior to or on or after January 1, 1975, with like absolute power of disposition, other than testamentary, as the spouse has of the separate estate of the spouse.” (Civ. Code, § 5125, subd. (a).) Subdivision (e) of that section further provides that “[e]ach spouse shall act in good faith with respect to the other spouse in the management and control of the community property.”
 

 [4]
 

 The court did not make any finding concerning consent.