[Civ. No. 48972. First Dist., Div. One. Nov. 17, 1981.]

In re the Marriage of THERESA and ROBERT S. D'ANTONI.
THERESA D'ANTONI, Appellant, v.
GLORIA D'ANTONI, Respondent.

COUNSEL

J. Norman Baker for Appellant.

Timothy Abel for Respondent.

OPINION

**ELKINGTON, Acting P. J.**—In a Santa Clara County Superior Court proceeding, in which Theresa D'Antoni (hereafter for reasons as will be seen, first wife) sought to levy execution against community property of her deceased former husband, the court entered judgment adverse to her and she appeals.

During her marriage to Robert S. D'Antoni (Robert), one child was born to them. The marriage was terminated by an interlocutory judgment of divorce, April 27, 1962, and a final judgment of dissolution, February 10, 1970. Under the judgments Robert was ordered to pay $75 child and spousal support each month, "until further order of the Court."

Following the final judgment of dissolution Robert married Gloria D'Antoni (sometimes hereafter, second wife). He died December 7, 1977, leaving community property consisting of all or part of a home acquired during the second marriage. The earlier child and spousal support award had never been terminated or modified by the court or otherwise, and Robert had paid "virtually nothing" on account of the award. Second wife, "Gloria D'Antoni [had] filed a Community Property Petition for Determination of Community Property passing to the surviving spouse pursuant to Probate Code § 650 et seq. and for confirmation of community property pursuant to Probate Code § 201, in San Mateo County Superior Court, ... The San Mateo County Superior Court ... entered an order finding that ... [the] property ... 'is community property and passes to Gloria D'Antoni, the surviving spouse ....'" [Sic.]

In the instant Santa Clara County proceedings, the superior court's conclusions of law, based upon such facts, follow: "Petitioner is not entitled to a Writ of Execution as prayed for because the community property of the second spouse (Gloria) and Respondent is not liable for the debts of the deceased husband (Respondent) under California Probate Code § 205, except for (1) items of general expense, (2) contracts entered into during the second marriage, and (3) torts committed by the husband during the marriage.

"This debt for back child or spousal support arises neither out of contract nor tort and is therefore not included with the classifications of debts for which the community is responsible under Probate Code § 205. Accordingly, Petitioner, as first wife, has no right of recourse against the community property of the second marriage of respondent."

Judgment was entered accordingly.

We read Probate Code section 205 (operative July 1, 1976) differently. Reduced to its here relevant essentials, it states: "(a) [U]pon the death of a married person, the surviving spouse is personally liable for the debts of the deceased spouse chargeable against the community property ... unless the interests of both spouses in the community property are administered under Division 3 [of the Probate Code concerning traditional 'Administration of Estates of Decedents']. The personal liability shall not exceed the value at the date of death, less the amount of any liens and encumbrances, of the interest of the surviving spouse in the community property immediately prior to the death which

is not exempt from execution plus the interest of the deceased spouse passing to the surviving spouse without administration. . . .

"(c) Except [where the estate is administered under Division 3 of the Probate Code] any debt described in subdivision (a) may be enforced against the surviving spouse in the same manner as it could have been enforced against the deceased spouse if the deceased spouse had not died."

(Here there had been no proceedings for administration of the estate of the deceased spouse, Robert, under division 3 of the Probate Code.)

Subdivision (c) of the statute resolves any ambiguity of subdivision (a), or elsewhere, if any there be. Under it, as noted, in a factual context such as that of the case before us, the debts of the deceased spouse chargeable against the community property "may be enforced against the surviving spouse in the same manner as it could have been enforced against the deceased spouse if the deceased spouse had not died."

■ Here beyond any doubt during his second marriage, Robert's debts for spousal and child support arising out of his first marriage, were chargeable against the community property acquired during the second marriage. His second wife became personally liable for those debts, but only, as pointed out, to the extent of "the value at the date of death . . . [of her interest] in the community property immediately prior to the death which is not exempt from execution plus the interest of the deceased spouse in such property passing to the surviving spouse without administration."

The conclusion we reach gives effect to long-established law of this state. (See *Weinberg* v. *Weinberg* (1967) 67 Cal.2d 557, 562-563 [63 Cal.Rptr. 13, 432 P.2d 709]; *Grolemund* v. *Cafferata* (1941) 17 Cal.2d 679, 688-689 [111 P.2d 641] [cert. den., 314 U.S. 612 (86 L.Ed. 492, 62 S.Ct. 87)]; *In re Marriage of Barnes* (1978) 83 Cal.App.3d 143, 149 [147 Cal.Rptr. 710]; *In re Marriage of Smaltz* (1978) 82 Cal.App.3d 568, 570-571 [147 Cal.Rptr. 154].) It will be presumed that there was no legislative intent "'to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.'" (*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 92 [104 Cal.Rptr. 226, 501 P.2d 234].) And certainly, we discern no public policy or purpose that only debts in contract and tort, to the exclusion of debts for spousal and child support,

be paid from the unadministered community property of a deceased debtor. It will also be presumed in the enactment of Probate Code section 205, that the Legislature did not intend an "unjust result." (*Brennfleck* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.App.3d 666, 673 [84 Cal.Rptr. 50].)

We think it would be in the interest of justice to remand the cause to the superior court for further proceedings. Our only determination on this appeal is that the trial court erred in its interpretation of Probate Code section 205.

The judgment is reversed. The superior court will take such further proceedings as are not inconsistent with the views we have expressed.

Grodin, J., and Ragan, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 13, 1982.

---

*Assigned by the Chairperson of the Judicial Council.