[No. C005275. Third Dist. Sept. 11, 1989.]

In re the Marriage of GAIL and GEORGE WILLIAMS.
GAIL WILLIAMS, Appellant, v.
GEORGE WILLIAMS, Respondent.

**COUNSEL**

William A. Schuckman for Appellant.

Gene G. Walton for Respondent.

**OPINION**

**DAVIS, J.**—This appeal arises from the division of property upon dissolution of a marriage. The trial court refused to order reimbursement to the community of an amount equal to the community funds used after the date of separation but before trial to pay a child support arrearage George Williams (husband) incurred prior to entering into the marriage at issue here. We find the community is entitled to reimbursement under these facts and therefore reverse the trial court's judgment.

## FACTS

Each party sumbitted to the trial court a proposed "Agreed Statement of Facts on Appeal." After a hearing on the matter, the trial court found the relevant facts to be as follows: After the date of separation and before trial, $19,249.20 had been paid out of community property earnings to satisfy a child support arrearage owed by husband from a prior marriage and incurred before the onset of this marriage. The trial court specifically found this was "the Husband's separate, premarital obligation . . . which was 1) based on his premarriage earnings and 2) to have been paid from his separate-property premarriage earnings."

While the court did not make a specific finding on this point, the parties agree the $19,249.20 was taken from the proceeds of the sale of their community home. Apparently the district attorney placed a levy against the house escrow to secure payment of the amount husband owed. The remaining balance of the proceeds from the house sale is $21,002.19.

At trial, Gail Williams (wife) argued the community was entitled to reimbursement for the amounts paid to discharge the unpaid child support which husband had incurred prior to the current marriage. Deeming itself bound by the decisions in *Weinberg* v. *Weinberg* (1967) 67 Cal.2d 557 [63 Cal.Rptr. 13, 432 P.2d 709] and *In re Marriage of Smaltz* (1978) 82 Cal.App.3d 568 [147 Cal.Rptr. 154], the trial court ruled the community was liable for the debt and was not entitled to reimbursement. Nevertheless, the court concluded that this result was inequitable.

## DISCUSSION

Prior to the date of separation the parties sold their home and placed the proceeds from the sale in escrow. All of the proceeds were community property. After the date of separation and before the proceeds were divided at trial, the district attorney executed a lien against the escrow in satisfaction of a $19,249.20 child support arrearage that husband had incurred prior to his present marriage. Civil Code section 5120.150, subdivision (a), provides that a child support obligation of a married person that does not arise out of the marriage shall be treated as a debt incurred before the marriage, regardless when the court order for such support was made and regardless when any installment payment accrued.[1] Section 5120.110, subdi-

---

[1] Civil Code section 5120.150, subdivision (a) provides: "For the purpose of this chapter, a child or spousal support obligation of a married person that does not arise out of the marriage shall be treated as a debt incurred before marriage, regardless whether a court order for support is made or modified before or during marriage and regardless whether any installment payment on the obligation accrues before or during marriage."

Unless otherwise indicated, all future statutory citations are to Civil Code.

vision (a) provides that the community property is liable for a debt incurred by either spouse before or during marriage, regardless of whether one or both spouses are parties to the debt or to a judgment for the debt.[2] The district attorney could therefore properly execute against the community property in the escrow and neither party contests his ability to do so. ▮ Wife does contest, however, the court's refusal at trial to order husband to reimburse the community for the $19,249.20 in community funds paid after separation but prior to trial to satisfy the child support arrearage husband incurred prior to the marriage.

As did the trial court, husband relies on *Weinberg* v. *Weinberg, supra,* 67 Cal.2d 557, and *In re Marriage of Smaltz, supra,* 82 Cal.App.3d 568, to support his contention that the community is not entitled to reimbursement. Neither case is dispositive, however, since each case was decided before the enactment of statutes which now govern the limited situations when reimbursement for the satisfaction of a child support debt from a prior marriage can be ordered.

In 1984, the California Law Revision Commission (Commission) presented a comprehensive recommendation to the Legislature relating to liability of marital property for debts. (17 Cal. Law Revision Com. Rep. (Jan. 1983) pp. 9-46.) The Commission concluded that under the then existing law where community property has been used during marriage to satisfy a separate debt of one of the spouses, as a general rule there is a right to reimbursement of the community only in limited situations. The Commission endorsed this rule in principle noting that reimbursement generally involves close questions of characterization of debts and property and generates difficult accounting and proof problems. It is litigation-breeding and not conducive to easy settlement of rights between the parties. It is also inimical to sharing principles during marriage, since it encourages spouses to scrutinize the type of debt and nature of funds being applied in the event of future accountability. (*Id.,* at pp. 15-17.)

The Commission then made several recommendations where reimbursement should be ordered. One such recommendation is where community property is applied to a premarital support obligation of one of the spouses, the community should be entitled to reimbursement to the extent the amount of community property used is disproportionate to the amount of

---

[2]Section 5120.110, subdivision (a) provides: "Except as otherwise expressly provided by statute, the community property is liable for a debt incurred by either spouse before or during marriage, regardless which spouse has the management and control of the property and regardless whether one or both spouses are parties to the debt or to a judgment for the debt."

separate property of the obligator spouse that was available but not used to satisfy the obligation. This recommendation is a codification of the holding in *Weinberg* v. *Weinberg, supra,* 67 Cal.2d 557. (17 Cal. Law Revision Com. Rep. (Jan. 1983) pp. 18-21.)

In *Weinberg, supra,* 67 Cal.2d 557, the husband used community funds to pay alimony and child support obligations from a prior marriage which fell due during the second marriage. Upon dissolution of the second marriage, the trial court refused to reimburse the community for the child support payments because the court concluded the support was a debt chargeable to the community. (*Id.,* at p. 562.) Upon review, the Supreme Court held that the policy of holding the community liable for previously existing debts arises from a concern for protecting creditors. (*Ibid.*) However, the court also stated this does not prohibit reimbursing the community for amounts paid for one spouse's separate debts where that is appropriate. (*Id.,* at p. 563.)

The court stated it would be unjust to allow one spouse to preserve his or her separate holdings by using community assets to pay separate, preexisting debts and that therefore the community was entitled to some reimbursement. (67 Cal.2d at p. 564.) However, the husband's obligation was based partly on his separate and partly on his community earnings. Specifically, the court held "[a]lthough [the husband's] earnings from separate property are sufficient to pay the whole, it would be inequitable to charge the obligations wholly to his separate income, since the obligations are continuing and based in part on his community earnings." (*Ibid.*) Therefore, the court determined the amount of reimbursement to the community should be calculated by apportioning the support payments according to the ratio between the husband's separate and community income during the second marriage. (*Ibid.*)

The controlling principle distilled from *Weinberg* is that the spouse who originally owed the support obligation, rather than the community, should be made responsible for it, to the extent the obligation is based on separate earnings. The community is not owed reimbursement for payments made from community funds for preexisting support obligations which fall due during the marriage to the extent those obligations were based on community earnings and no separate income was available.

The limited right to reimbursement provided for in *Weinberg* and recommended by the Commission was enacted in an amended form in 1984 in section 5120.150, subdivision (b). The Legislature chose not to adopt the recommended proportionality formula set forth in *Weinberg*. Instead, it required the obligor spouse to reimburse the community to the full extent

that separate income was available but not applied to the satisfaction of the obligation. (17 Cal. Law Revision Com. Rep. (Jan. 1984) pp. 20, 36; Legis. Com. Comment—Assem., 1984 Addition (Stats. 1984 (Reg. Sess.) ch. 1671, § 22.) Section 5120.150, subdivision (b) provides "[i]f community property is applied to the satisfaction of a child or spousal support obligation of a married person that does not arise out of the marriage, at a time when nonexempt separate income of the person is available but is not applied to the satisfaction of the obligation, the community is entitled to reimbursement from the person in the amount of the separate income, not exceeding the community property so applied." Here, husband had no separate income during this marriage to apply to the satisfaction of the child support obligation at issue. The community thus does not qualify for the limited right to reimbursement provided for in section 5120.150, subdivision (b).

In 1986, section 4800 was amended to codify a comprehensive set of guidelines for the court to follow in the application of its equitable authority to assign debts at the time the community estate is divided. Under these guidelines the court is required to characterize liabilities as separate or community and then must confirm or assign each liability to the parties as provided therein.[3] Subdivision (c)(1) of that section provides "[d]ebts incurred by either spouse before the date of marriage shall be confirmed without offset to the spouse who incurred the debt." Accordingly, had the

---

[3] Section 4800 provides in pertinent part: "(c) The debts for which the community estate is liable which are unpaid at the time of trial or for which the community estate becomes liable after trial, shall be confirmed or divided as follows: [¶] (1) Debts incurred by either spouse before the date of marriage shall be confirmed without offset to the spouse who incurred the debt. [¶] (2) Debts incurred by either spouse after the date of marriage but prior to the date of separation shall be divided as set forth in subdivisions (a) and (b). To the extent that community debts exceed total community and quasi-community assets, the excess of debt shall be assigned as the court deems just and equitable, taking into account factors such as the parties' relative ability to pay. [¶] (3) Debts incurred by either spouse after the date of separation but before entry of a judgment of dissolution or legal separation shall be confirmed as follows: [¶] (A) Debts incurred by either spouse for the common necessaries of life of either spouse or the necessaries of life of the minor children of the marriage, in the absence of a court order or written agreement for support or for the payment of these debts, shall be confirmed to either spouse according to the parties' respective needs and abilities to pay at the time the debt was incurred. [¶] (B) Debts incurred by either spouse for nonnecessaries of that spouse or minor children of the marriage shall be confirmed without offset to the spouse who incurred the debt. [¶] (4) Debts incurred by either spouse after entry of a judgment of dissolution but prior to termination of the parties' marital status or after entry of a judgment of legal separation shall be confirmed without offset to the spouse who incurred the debt.

"(d) Notwithstanding subdivision (c), all separate debts, including those debts incurred by a spouse during marriage and before the date of separation that were not incurred for the benefit of the community, shall be confirmed without offset to the spouse who incurred the debt.

"(e) The court has jurisdiction to order reimbursement in cases it deems appropriate for debts paid after separation but prior to trial.

"(f) The court may make such orders as it deems necessary to carry out the purpose of this section."

child support arrearage husband brought to the marriage not been satisfied at the time of trial, the entire debt would have been assigned to him without offset.

When the Legislature addressed the assignment of debts in its revision of section 4800 in 1986, it enacted subdivision (e) which provides: "[t]he court has jurisdiction to order reimbursement in cases it deems appropriate for debts paid after separation but prior to trial." Since here, husband's premarital child support arrearage was paid after separation but prior to trial, the debt falls within the express terms of subdivision (e).

We believe the Legislature intended to include premarital child support arrearages within the purview of section 4800, subdivision (e). Here we are presented with conflicting inferences from the specificity in subject matter of section 5120.150, subdivision (b) and the fact that section 4800, subdivision (e) was enacted two years later as part of a comprehensive scheme to address the allocation of debts. (*In re Thierry S.* (1977) 19 Cal.3d 727, 744 [139 Cal.Rptr. 708, 566 P.2d 610]; *Rose* v. *State of California* (1942) 19 Cal.2d 713, 724 [123 P.2d 505].) ▉ In construing a statute, all acts relating to the same subject matter should be read together as if one law and harmonized if possible, even though they may have been passed at different times, and regardless of the fact that one of them may deal specifically and in greater detail with a particular subject while the other may not. (*Natural Resources Defense Council, Inc.* v. *Arcata Nat. Corp.* (1976) 59 Cal.App.3d 959, 965 [131 Cal.Rptr. 172]; *Western Mobilehome Assn.* v. *County of San Diego* (1971) 16 Cal.App.3d 941, 949 [94 Cal.Rptr. 504].) ▉ Reading sections 4800, subdivision (e) and 5120.150, subdivision (b) together, we conclude the Legislature enacted section 4800, subdivision (e) with the intent to create, as it did when it enacted section 5120.150, subdivision (b), another limited exception to the general rule against reimbursement for debts paid during marriage. Rather than basing the exception on the subject matter of the debt and/or the availability of separate income to satisfy the debt, the Legislature created an exception based on the postseparation status of the parties.[4]

The enactment of section 5120.150, subdivision (b) was an affirmation of the general rule against reimbursement for debts paid during marriage except in limited situations. (See 17 Cal. Law Revision Com. Rep. (Jan.

___

[4] Both statutes and judicial decisions have recognized that different rules often must be applied after the parties have separated, but prior to trial. (Cf. § 4800, subd. (c)(3)(B) (postseparation debts for nonnecessaries are to be confirmed without offset to the spouse who incurred the debt]; *In re Marriage of Epstein* (1979) 24 Cal.3d 76, 89 [154 Cal.Rptr. 413, 592 P.2d 1165] [husband used community savings to pay taxes on his postseparation separate income].)

1983) pp. 15-20.) It recognized one such limited situation when nonexempt separate income of the debtor is available but is not applied to the satisfaction of his support obligation from a preexisting marriage. Its language does not expressly prohibit other limited exceptions to the general rule against reimbursement for premarital support debts paid during the marriage, while section 4800, subdivision (e) expressly covers debts paid after separation but prior to trial without reference to the subject matter of the debt. ██ When two or more statutes concern the same subject matter, the courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together. (*In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980].) ██ In holding that premarital child support debts are within the purview of section 4800, subdivision (e), we give full effect to its express provisions as well as those of section 5120.150, subdivision (b), without contravening the reasons underlying the general rule against reimbursements for debts paid during marriage.

As noted above, the reasons presented to the Legislature by the Law Revision Commission Report in support of the general rule are that: 1) reimbursement generally involves close questions of characterization of debts and property and generates difficult accounting and proof problems; 2) it is litigation-breeding and not conducive to easy settlement of rights between the parties, and 3) it is inimical to sharing principles during marriage, since it encourages spouses to scrutinize the type of debt and nature of funds being applied in the event of future accountability. (17 Cal. Law Revision Com. Rep. (Jan. 1983) p. 16.) The limited exception to the general rule against reimbursements for debts paid during marriage codified in section 4800, subdivision (e) does not contravene any of these reasons since they do not apply in the postseparation context addressed in section 4800, subdivision (e).

### CONCLUSION

The trial court erred in failing to order reimbursement to the community for the money expended after separation and before trial to satisfy husband's child support arrearage which he incurred prior to the marriage. Such an order is provided for in section 4800, subdivision (e) and was necessary in order to carry out the purposes of section 4800 as set forth in subdivision (c)(1). As a sufficient balance currently exists to compensate the community for the amounts applied to husband's separate premarital debt, the error caused by denying reimbursement to the community can be corrected. The trial court found $19,249.20 seized to satisfy the husband's premarital support obligation. Wife is therefore entitled to reimbursement of her half of that amount, or $9,624.60. The trial court found $21,002.19 remains for the sale of the community home. Adding one half of that

amount to the one half of the seized amount entitled wife to receive $20,125.69. Husband is to receive $876.50 from the remaining balance of the sale proceeds.

## DISPOSITION

The judgment is reversed. The action is remanded and the superior court is directed to order distribution of the remaining balance from the sale of the community home as described above. Each party shall assume their own costs on appeal.

Sparks, Acting P. J., and Marler, J., concurred.